## McCarnan et al. *v.* Cochran.

REAL ESTATE.—*Action to Recover.*— *Pleading.*— *Disclaimer.*—*Judgment.*— *Costs.*—Where, in an action for the recovery of real estate, the defendant appears and answers, disclaiming all interest in, or title to, the premises in controversy, and alleging the possession thereof to be in a third person, not a party to the action, such answer amounts to a disclaimer, entitling the defendant to a judgment for costs.

SAME.—*Making New Parties.*—*Amendment.*—Upon the filing of such disclaimer, the plaintiff in such .action filed an "additional paragraph of complaint," against such third person, asking that he be made a party "to answer as to" his "interest in and to the land mentioned in the complaint against" the original defendant, "and to show cause," if any he has, "why plaintiff should not have judgment for possession of the land," etc., and for "damages for being kept out of possession," etc.

*Held*, on demurrer, that such paragraph of complaint, considered either independently or as an amendment to the original complaint, which was in the ordinary form, is insufficient.

McCarnan *et al. v.* Cochran.

*Held*, also, that each paragraph of a pleading must be complete within itself, and that defects therein can not be aided by reference to another paragraph.

From the Jennings Circuit Court.

*J. Overmyer* and *D. Overmyer*, for appellants.

*G. W. Swarthout*, for appellee.

HOWK, J.—The appellee, as plaintiff, commenced an action in the court below against the appellant John Mc-Carnan, as sole defendant, for the recovery of the possession of certain real estate in Jennings county.

The appellee's complaint was in the ordinary form in such cases.

To this complaint, the appellant John McCarnan, then sole defendant, answered, in substance, that on the 10th day of February, 1864, one Henry Morehow received from the auditor of said county a "tax deed" of said real estate; that said Morehow at once took full possession of said real estate, and so remained in possession until his death, in the year 1869; that, since the death of said Morehow, his widow and children had been in the full enjoyment and possession of said real estate, and still so remained; and that the appellant John McCarnan had no interest in, nor title to, said real estate.

In legal effect, this answer was merely a disclaimer by the appellant John McCarnan, and entitled him to a judgment for costs. 2 R. S. 1876, p. 254, sec. 613.

The cause was then continued, with leave to the appellee to amend his complaint, by making new parties defendants.

In vacation, the appellee filed the following " additional paragraph :"

" Comes the plaintiff in the above entitled cause, and, for additional paragraph of complaint, shows this court, that Minnie Morehow, widow of Henry Morehow, deceased, as disclosed in defendant's answer to the original complaint as owner of the land described therein, Mary

Morehow, now Mimie Mary Parker, whose husband is dead, and Minnie Euler, daughter of said Henry, who has intermarried with George Euler, heirs at law of said Henry Morehow, deceased, are hereby made parties to answer as to their interest in and to the land mentioned in the complaint against John McCarnan, filed and answered to at the last term of this court, and to show cause, if any they have, why plaintiff should not have judgment for possession of the land in his complaint mentioned, also for damages for being kept out of possession, and all things relating thereto."

To this additional paragraph, the appellants, except said McCarnan, being the heirs at law of Henry Morehow, deceased, named in said paragraph, demurred for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court below, and the appellants, except said McCarnan, excepted to said decision. The appellants, except said McCarnan, answered the appellee's complaint by a general denial and three special defences. No question is presented for our consideration upon any of these defences, except the third in number. In this third paragraph of answer, the appellants, except said McCarnan, alleged, in substance, that the real estate in appellee's complaint mentioned was sold for taxes by the treasurer of said Jennings county to one Henry Morehow, who received a certificate of sale therefor from the auditor of said county, under and through whom the said appellants claimed and derived title, on the 3d day of February, 1862, and that afterward, on the 8th day of February, 1864, said Henry Morehow obtained a deed for said real estate from the said auditor, and that this suit was not instituted until the — day of ———, 1874; wherefore the said appellants alleged, that this action was not commenced within five years from the date of said sale, and they asked that this action abate, and that they have judgment for costs and other proper relief.

McCarnan *et al. v.* Cochran.

The appellee demurred to this paragraph of answer, for the want of sufficient facts therein to constitute a defence to his action, which demurrer was sustained by the court below, and to this decision said appellants excepted. The action, having been put at issue, was submitted to the court for trial, which resulted in a finding and judgment in favor of the appellee, for the recovery of said real estate, from which judgment this appeal is prosecuted.

The appellants have assigned, in this court, the following alleged errors of the court below:

1st. In overruling the demurrer of the appellants, except said McCarnan, to the additional paragraph of appellee's complaint; and,

2d. In sustaining the appellee's demurrer to the third paragraph of the answer of the appellants, except said McCarnan.

It can not be doubted, we think, that the facts stated in the " additional paragraph " of appellee's complaint were clearly insufficient to constitute a cause of action against the appellants, the heirs at law of Henry Morehow, deceased. As against these appellants, this " additional paragraph " is the only complaint in the record, and it does not contain a statement of any one of the matters required by statute in such a complaint. The 595th section of our practice act provides, with precision, what shall be stated in such a complaint, as follows:

" Sec. 595. The plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession." 2 R. S. 1876, p. 251.

In this " additional paragraph " of his complaint, the appellee has not stated that he was entitled to the possession of the real estate, nor has he particularly described said real estate, nor has he stated the interest he claimed therein, nor did he allege that the defendants unlawfully kept him out of possession thereof. It is well

settled by numerous decisions of this court, that each paragraph of a pleading must be perfect and complete within itself, and that defective allegations in one paragraph can not be aided by reference to another paragraph. *Silvers* v. *The Junction Railroad Co.*, 43 Ind. 435; *Potter* v. *Earnest*, 45 Ind. 416; *Clarke* v. *Featherston*, 32 Ind. 142.

In the case at bar, if the appellee had not denominated his pleading as an "additional paragraph," we should have considered it as merely an amendment of the original complaint, and intended to be a part thereof. But even if thus considered, the facts stated therein would not have been sufficient to constitute a cause of action against the appellants, the heirs of Henry Morehow, deceased; because even then the complaint would not have contained an averment that these appellants had unlawfully kept the appellee out of the possession of the real estate. Our conclusion therefore is, that the court below erred, in overruling the demurrer of the appellants, except said McCarnan, to the "additional paragraph" of appellee's complaint.

As this conclusion will make it necessary for the appellee to amend his complaint, which may lead to the formation of other and different issues, we need not now consider and decide the questions presented by the second alleged error.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer of the appellants, except said McCarnan, to the additional paragraph of appellee's complaint, and for further proceedings.