No. 8229.

## VANCE ET AL. *v.* SCHROYER ET AL.

PLEADING.—*Practice.*—*New Parties.*—*Amendment.*—When new parties defendants are admitted into a case, the complaint should be amended by inserting their names, and the proper averments concerning them.

EJECTMENT.—*Complaint.*—A complaint in ejectment must charge that the plaintiff is entitled to the possession of the premises, and that the defendant unlawfully keeps him out, and this with reference to the commencement of the action.

SAME.—*Tenants in Common.*—*Action Between.*—The possession of one co-tenant is the possession of all, and there can be no right of action between them, or those holding under them, to recover possession, unless the one in actual occupancy has denied the right of his co-tenant or done something equivalent to such denial, or amounting to an ouster.

From the Boone Circuit Court.

*C. C. Nave*, for appellants.

WOODS, J.—The only question presented for decision is, whether the complaint states facts sufficient to constitute a cause of action.

The averments of the complaint are as follows : The plaintiffs complain of the defendants, David M. Vance and Ezra Smith, and say, that on the 4th day of December, 1878, the same being the fifteenth judicial day of the November term of the Boone Circuit Court for said year, the plaintiff Elizabeth Schroyer, the wife of Daniel Schroyer, and Julia A. Alexander, the wife of John T. Alexander, recovered a judgment and decree in said court for the partition of certain real estate in said county (described), against the defendant, Ezra Smith, in the manner following, to wit: To the plaintiff Julia A. Alexander is adjudged and decreed the one-half interest in the fee simple, and to Elizabeth Schroyer, the plaintiff, is adjudged and decreed the one-third interest in fee simple ; and to the said defendant, Ezra Smith, is adjudged and decreed the one-sixth interest in fee simple of said lands ; that the plaintiffs Julia A. Alexander and Eliza-

beth Schroyer are the owners jointly of the undivided five-sixths of said land in fee simple, are tenants in common in said land, are also tenants in common with said Ezra Smith in said lands; that the plaintiffs herein are entitled to the possession of five-sixths of said lands. It was further adjudged and decreed by said court that said lands partitioned were not susceptible of division. That at the time of the rendition of the said judgment of partition, the said defendant Vance was in possession, and now is, and ever since has been, in possession of said lands, without right or title thereto, wrongfully, unlawfully, and without right, holds possession of and occupies said premises, to the damage of the plaintiffs in the sum of one hundred dollars; that said Ezra Smith is made a party defendant herein for the reason that he does not join with these plaintiffs in this action. Wherefore, etc.

Smith defaulted; Vance's demurrer, for want of facts, was overruled, and his answer filed. The other appellants were made defendants on the motion of the plaintiffs showing that they claimed an interest, and they appeared and answered in person or by guardian *ad litem*, though there was not, as there ought to have been, an amendment of the complaint by inserting their names as defendants, and an averment of the facts on which relief was claimed against them. There was a trial by jury, and a verdict and judgment in favor of the plaintiffs, for the recovery of possession of the land, and against two of the defendants, for damages for the detention.

Error is assigned upon the overruling of Vance's demurrer, and that the complaint does not state facts sufficient to constitute a cause of action.

We have no brief from the appellee, and are unable to perceive on what ground the ruling and judgment of the circuit court can be upheld. The complaint was treated as presenting an action to recover the possession of real prop-

erty, and judgment was given accordingly.   But it is an express statutory provision of the civil code, section 595, that the plaintiff in such a case shall state in his complaint "that he is entitled to the possession of the premises, * * and that the defendant unlawfully keeps him out of possession." This complaint does not allege either of these facts, nor contain equivalent averments.   It is averred that in the partition suit it was adjudged that the plaintiffs were entitled to possession; but that is irrelevant.   There should have been an averment of their right of possession in reference to the time of commencing this suit.   It is alleged that the defendant David M. Vance was and is in possession without right or title to the lands, and wrongfully holds possession and occupies to the damage of the plaintiff; but this is not equivalent to an allegation that the defendants had no right of possession.   Such right may exist apart from any right or title to the fee of the land.   See *McCarnan* v. *Cochran*, 57 Ind. 166.   But, besides these technical objections, as a tenant in common with the plaintiffs, the defendant Smith, for aught that is averred, had equal right to the possession with them, and the other defendants may have been in possession and holding under him.   The possession of one co-tenant is the possession of all, and there can be no right of action between them, or those holding under them, to recover possession, unless the tenant in actual occupancy has denied the right of his co-tenant, or done something equivalent to such denial, or amounting to an ouster of the co-tenant.   *Nelson* v. *Davis*, 35 Ind. 474; *Bethell* v. *McCool*, 46 Ind. 303; *Sanford* v. *Tucker*, 54 Ind. 219.

The judgment is reversed, with costs, and with instructions to sustain the demurrer to the complaint.