Miller *et al. v.* Shriner.

---

No. 9341.

Miller et al. *v.* Shriner.

Supreme Court.—*Transcript.—Defects.—Certiorari.*—Where a transcript for appeal is made up under the direction of the appellant, as provided in section 649, R. S. 1881, the appeal can not be dismissed for defects in it, but they may be cured by *certiorari.*

New Trial.—*Evidence.—Bill of Exceptions.*—A motion for a new trial for the improper admission of evidence, not specifying it, is not cured by referring for specification to a bill of exceptions not then in existence.

Real Estate, Action to Recover.—*Complaint.—Possession.*—A complaint for the possession of land, which does not aver that the plaintiff is entitled to possession, is bad on demurrer.

From the Union Circuit Court.

*T. D. Evans* and *J. W. Connaway,* for appellants.

*J. E. Tucker* and *C. L. Seward,* for appellee.

Bicknell, C. C.—This action was brought by the appellee

against the appellants, to recover the possession of land. A demurrer to the complaint was overruled, issues were joined upon answer and reply, and upon a trial by the court there was a finding for the plaintiff, with $30 damages. The defendants' motion for a new trial was overruled, judgment was rendered upon the finding, and the defendants appealed. The errors assigned are overruling the demurrer to the complaint, and overruling the motion for a new trial.

The appellee moves to dismiss the appeal, " because the transcript does not show that it contains copies of all the papers filed and entries made in said cause in the court below."

Section 558 of the civil code of 1852 provides that the clerk, on the request of the appellant, shall furnish a transcript of the record, " or so much thereof as the appellant, in writing directs, certified and sealed, to which shall be appended the written directions of the appellant above contemplated, if any."

The " written direction " appended to the transcript in this case is as follows: " The clerk will please issue a transcript in this cause of all the entries and judgment, from the filing of the amended complaint up to the final judgment and appeal, including both and bill of exceptions." The clerk's certificate states that " the transcript contains complete copies of all the papers and entries in said cause as asked for in præcipe."

In such a case there is no ground for a motion to dismiss the appeal; the transcript, if defective, might have been corrected by *certiorari.* Code of 1852, section 585; Buskirk Prac. 303. The motion to dismiss the appeal is overruled.

The reasons alleged in support of the motion for a new trial are:

1. Because the amount assessed by the court is too large.

2. Because the judgment of the court is not sustained by sufficient evidence.

3. Because of error of law occurring at the trial in the admission of evidence, the record, etc., herein introduced, as

follows: (There is no statement in the motion indicating what the record was, nor what was embraced in the "etc.")

Somebody has inserted in the record at the end of the third reason for a new trial, after the words as follows, the following, to wit: " As shown by the bill of exceptions hereinafter set forth ;" but the motion for a new trial was overruled on January 3d, 1881, and the bill of exceptions was not in existence until January 31st, 1881, and, therefore, could not have been so referred to in the motion for a new trial.

The bill of exceptions does not contain the statement, " This was all the evidence given in the cause," nor anything equivalent thereto, and it shows that it does not contain all the evidence. Therefore, the first and second reasons for a new trial present no question for consideration. *Beineke* v. *Wurgler,* 77 Ind. 468.

The third reason for a new trial presents no question for consideration, because it does not specifically point out the evidence the admission of which is objected to. *Ball* v. *Balfe,* 41 Ind. 221, 228.

There was no error in overruling the motion for a new trial. The demurrer to the complaint ought to have been sustained. Section 595 of the code of 1852, which is the same as section 1054, R. S. 1881, declares that " The plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession." Section 592 of the code of 1852, which is the same as section 1050, R. S. of 1881, declares that "Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action," etc.

A complaint under these statutes must aver that the plaintiff is entitled to the possession of the land ; a mere allegation of ownership in fee is not sufficient. 2 R. S. 1876, p. 361, form No. 19; *McCarnan* v. *Cochran,* 57 Ind. 166, 169.

The complaint in this case fails to state that the plaintiff is

entitled to the possession of the land, and is therefore insufficient. The court erred in overruling the demurrer thereto, and for this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to sustain the demurrer to the complaint.