Filed Nov. 22, 1883.

———————◆———————

No. 10,305.

LEVI ET AL. *v.* ENGLE, ADMINISTRATOR.

PLEADING.—*Recovery of Real Estate.—Complaint.—Demurrer.*—In an action to recover the possession of real estate, the complaint is insufficient on demurrer, under section 1054, R. S. 1881, if it fails to show that the defendant unlawfully keeps the plaintiff out of possession.

SAME.—*New Parties.—Amendment of Complaint.*—Where, in the progress of a suit, new parties are admitted as defendants, it is incumbent on the plaintiff to amend his complaint by inserting therein the names of such new parties, and by making proper averments concerning them.

From the Ripley Circuit Court.

*E. P. Ferris, W. W. Spencer, J. S. Ferris* and *S. M. Jones,* for appellants.

*W. D. Willson, T. E. Willson, R. N. Lamb* and *A. L. Mason,* for appellee.

HOWK, J.—This suit was commenced on the 17th day of August, 1880, by the appellee, Engle, administrator with the will annexed, of the estate of William Graf, deceased, against the appellants, Samuel M. Jones, Isaac Levi, William Alex-

Levi *et al. v.* Engle, Administrator.

ander and John Baylor. The object of the suit was to re-
cover the possession of lot No. 122, in the town of Osgood,
in Ripley county, of which the appellee alleged that he was
the owner in fee simple and entitled to the possession, and
that the defendants had possession thereof, without right, and
for one year had unlawfully kept appellee out of possession.
Jones answered separately, that before the commencement of
the suit he had sold and conveyed all his interest, legal and
equitable, in the lot in controversy to Rhoda Levi, and dis-
claimed having any interest or estate in the property. Isaac
Levi answered, setting up a contract with appellee's testator,
William Graf, in his lifetime, for a specified part of the lot.
Alexander and Baylor each answered that he was in posses-
sion of a part of the lot, as the tenant of Rhoda Levi, and
disclaimed any other interest therein. Upon their joint af-
fidavit of such tenancy, Alexander and Baylor moved the
court that Rhoda Levi be made a defendant in this action,
which motion was sustained; and thereupon Rhoda Levi
appeared and answered. The cause was put at issue and tried
by the court, and a finding was made for the appellee, except
as to the part of the lot claimed by Isaac Levi, and judg-
ment was rendered accordingly.

Rhoda Levi alone appeals to this court, her co-defendants
below having appeared and declined to join in her appeal.
The first error of which she complains is the overruling of
her demurrer to appellee's complaint, for the want of suffi-
cient facts therein to constitute a cause of action. In section
595 of the civil code of 1852, in force at the time (section
1054, R. S. 1881), it is provided that in an action to recover the
possession of real estate, "The plaintiff in his complaint shall
state that he is entitled to the possession of the premises, par-
ticularly describing them, the interest he claims therein, and
that the defendant unlawfully keeps him out of possession."
It is objected to the sufficiency of appellee's complaint in
this case, that it is not stated therein that Rhoda Levi had

unlawfully kept the appellee out of possession of the lot in controversy, or any part thereof. This objection to the complaint seems to be well taken. Rhoda Levi was not a party to the suit when it was commenced; but afterwards, when the court ordered that she be made a party defendant, the appellee ought to have so amended his complaint as to state therein that she had unlawfully kept him out of possession of the lot, or of some part thereof. In *Vance* v. *Schroyer,* 77 Ind. 501, it was held, that where new parties are admitted into a case, the complaint must be amended by inserting their names therein and making proper averments concerning them. To the same effect, substantially, is the case of *McCarnan* v. *Cochran,* 57 Ind. 166.

We are of opinion, therefore, that the court erred in overruling the demurrer of Rhoda Levi to appellee's complaint. When the court ordered that she be made a party defendant in this action, the appellee did not amend his complaint, as he ought to have done, by inserting her name therein or otherwise, and did not aver that she had unlawfully kept him out of possession of the lot in controversy, or of some part thereof. For the want of such amendments the complaint did not state a cause of action against Rhoda Levi, and her demurrer thereto ought to have been sustained.

As the judgment must be reversed for the want of a sufficient complaint against Rhoda Levi, we need not now consider or decide any of the questions discussed by her counsel, arising under the alleged error of the court in overruling her motion for a new trial.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain Rhoda Levi's demurrer to the complaint, and for further proceedings.

Filed Nov. 20, 1883.