Filed Nov. 28, 1883.

---

No. 10,782.

SWAYNIE v. VESS.

EJECTMENT.—*Complaint.*—Section 1054, R. S. 1881, requires that a complaint in ejectment shall state that the plaintiff is entitled to possession of the premises, and that the defendant unlawfully keeps him out, but it is not necessary to use the exact words of the statute.

From the Superior Court of Tippecanoe county.

*W. H. Bryan*, *G. O. Behm* and *A. O. Behm*, for appellant. *C. E. Lake* and *J. S. McMillen*, for appellee.

ZOLLARS, J.—Action by appellee as lessee, to reform a lease and recover the possession of the leased premises. Trial, and judgment for appellee. The only error assigned in this court is the overruling of the appellant's demurrer to the complaint. The only objections urged against the complaint are that it does not contain the averments, first, that the plaintiff is entitled to the possession of the premises, and, second, that the defendant unlawfully keeps him out of possession. Section 1054, R. S. 1881, which is the same as sec-

tion 595, code of 1852, provides that in an action of ejectment the plaintiff shall state in the complaint that he is entitled to the possession of the premises, the interest he claims therein, and that the defendant unlawfully keeps him out of possession, etc. The provisions of this section must be complied with to render the complaint good as against a demurrer, but it is not necessary to use the exact words of the statute. It will be sufficient if words of similar import are used, or the averments of the complaint be such as to show the plaintiff's right to such possession, and the defendant's unlawful detention. *Knight* v. *McDonald*, 37 Ind. 463; *Smith* v. *Kyler*, 74 Ind. 575; *Lovely* v. *Speisshoffer*, 85 Ind. 454; *Vance* v. *Schroyer*, 82 Ind. 114.

The case of *Vance* v. *Schroyer*, 77 Ind. 501, recognized the doctrine of the above cases and the rule we have announced in this case, and is not authority for appellant's position.

It appears by the averments of the complaint, that appellant, as the owner of certain land, leased it to appellee in January, 1882, by a written lease, for a term of five years from the first day of November, 1882. Under a stipulation of the lease appellee had the right, and was allowed, to sow sixteen acres of wheat in September of that year. On the 1st day of November appellee complied with the provisions of the lease, tendered the rental, and demanded the possession of the land. Appellant refused the money, and refused to surrender possession of the premises to the plaintiff, and informed him that she would not then or thereafter abide by, and perform, the conditions of the lease. She still holds possession of the leased premises, and refuses to surrender the same to appellee. These averments clearly and sufficiently show appellee's interest in the premises; that he is entitled to the possession thereof, and that the defendant, appellant, unlawfully kept, and still keeps, him out of such possession. In addition to this the complaint makes a good case for a reformation of the lease, as to the description of the leased premises. Such being the case, it may well be said that the com-

plaint would be sufficient to withstand the demurrer, admitting the defects urged by appellant. *Lovely* v. *Speisshoffer*, 85 Ind. 454.

Discovering no error in the record, the judgment is affirmed, with costs.

Filed Nov. 27, 1883.