The Second National Bank of Lafayette *v.* Corey *et al.*

Filed April 4, 1884.

---

No. 11,143.

THE SECOND NATIONAL BANK OF LAFAYETTE *v.* COREY ET AL.

REAL ESTATE.—*Recovery of Possession.—Complaint.—Demurrer.*—In an action to recover the possession of real estate, the complaint must show, under the provisions of section 1054, R. S. 1881, that the defendant unlawfully keeps the plaintiff out of possession, or it will be held bad on a demurrer thereto for the want of sufficient facts.

SAME.—*Action to Quiet Title.*—Under the provisions of section 1070, R. S. 1881, in an action to quiet the title to real estate, the complaint must show that the defendant's claim is adverse to the title asserted by the plaintiff, or is unfounded and a cloud upon the plaintiff's title; otherwise the defendant's demurrer thereto, for the want of sufficient facts, must be sustained.

SAME.—*Sheriff's Sale and Deed.— Defective and Void Description.—Possession. —Defence.—Statute of Limitations.*—Where real estate is sold by the sheriff by a defective and void description thereof, in the levy of the execution, advertisement, sale and conveyance of the land, and possession follows

such sale and conveyance, the ten years' limitation provided in the *third* clause of section 293, R. S. 1881, will constitute a complete and effective defence to any action brought for the recovery of such real estate by the execution debtor, or by any person claiming under him, by title acquired after the date of the judgment.

From the Tippecanoe Circuit Court.

*R. Jones,* for appellant.

*J. L. Miller, M. Jones, T. B. Ward, G. W. Collins* and *K. M. Hord,* for appellees.

HOWK, C. J.—This was a suit by the appellant, as plaintiff, against the appellees Thomas Corey and Carrie S. Corey, his wife, Kendall M. Hord, Alfred Major, Frank M. Milligan and Benjamin McCrea, as defendants. The object of the suit was to recover the possession of "sixty acres of land off of the north end of the west half of the southwest quarter of section four, in township twenty-three north, of range five west, in Tippecanoe county, Indiana," and to quiet the appellant's title thereto. The appellees were either defaulted, or they disclaimed, in the circuit court, except Kendall M. Hord, and the controversy, there and in this court, was and is between him and the appellant.

The appellee Hord answered in three paragraphs, of which the first was a general denial, and in the second and third paragraphs he stated special or affirmative matters, by way of defence. He also filed a counter-claim or cross complaint, in six paragraphs. The appellant replied specially to each of the second and third paragraphs of Hord's answer; and to these special replies Hord's demurrers, for the want of sufficient facts therein, were sustained by the court. To these rulings the appellee excepted, and declining to amend its replies, or to reply further to the second and third paragraphs of answer, the court rendered judgment thereon against the appellant, and in favor of the appellee Kendall M. Hord.

In this court, the appellant has assigned, as errors, the decisions of the circuit court, (1) in overruling its demurrer to the second paragraph of Hord's answer, and in sustaining

Hord's demurrers (2) to appellant's first reply to the third paragraph of his answer, (3) to appellant's second reply to the second paragraph of his answer, and (4) to appellant's second reply to the third paragraph of his answer.

The appellee Hord has assigned cross errors upon the record of this cause, of which cross errors the first is that " The plaintiff's complaint does not state facts sufficient to constitute a cause of action against him." In the natural order of things, this cross error is first entitled to our consideration.

In its complaint, the appellant complained of all the appellees, named in the outset of this opinion, except Benjamin McCrea, and said : " That the plaintiff is the owner in fee simple and entitled to the immediate possession of the following described real estate, in said county, to wit: " (description heretofore quoted;) " that the defendants Thomas and Carrie are in possession of said land, and wrongfully keep the plaintiff out of possession thereof; that said lands are of the fair rental value of $250 per year." The plaintiff further says that each of said defendants claims some right or title to, or some interest in, said lands. The plaintiff asks the following relief:

" That its title to said lands be declared and quieted;

" That it have judgment for the possession of said land and for $400 damages for the detention thereof, and for all other and further proper relief."

In considering the sufficiency of the facts stated in appellee's complaint to constitute a cause of action against the appellee Hord, it must be borne in mind that in this case it can not be said that the complaint is aided by the evidence or cured by the verdict. The cause was decided below upon the insufficiency of the appellant's pleadings, and the sufficiency of the pleadings is to be determined by this court, without aid from the evidence. In other words, in the condition of the record, the appellee Hord's cross error presents to this court for decision the question of the sufficiency of appellant's complaint, precisely as such question would have been pre-

· sented to the circuit court, if Hord had there demurred to such complaint for the want of sufficient facts.

The complaint, it will be observed, contains but one paragraph; but, in that paragraph, the appellant has attempted to blend a declaration at common law in ejectment, and a bill in equity to quiet its title. It is true that, in section 1 of the code of 1881 (section 249, R S. 1881), it is declared, "There shall be no distinction in pleading and practice between actions at law and suits in equity." But it is also true that section 372 of the same code (section 409, R. S. 1881) makes a wide distinction, in practice at least, between actions at law, like an action of ejectment, and suits that, "prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction," such as a suit to quiet the title to real estate. This latter section does not, in terms, make or declare any distinction, in pleading, between actions at law and the suits in equity therein mentioned; but, by implication, it suggests the query whether or not, in view of its provisions, a cause of action at law and such a cause, of exclusive equitable jurisdiction prior to June 18th, 1852, can be properly united in a complaint of a single paragraph. This query is suggested in the interest of good pleading, but is not decided.

Does the appellant's complaint state facts sufficient to constitute a cause of action against the appellee Kendall M. Hord? As a complaint to recover the possession of the real estate in controversy, no argument would seem to be necessary to show, that it is hopelessly bad as against the appellee Hord. In section 1054, R. S. 1881, it is provided as follows: "The plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession."

In its complaint in this case, it will be seen that the appellant states, that the defendants Thomas and Carrie S. Corey "are in possession of said land and wrongfully keep the plaintiff out of the possession thereof." But it is nowhere alleged in

the complaint, that the appellee Hord, or any one claiming under him, wrongfully or unlawfully, or otherwise, kept the plaintiff out of the possession of the land, described in its complaint. Section 1054, *supra*, is substantially a re-enactment of section 595 of the civil code of 1852. 2 R. S. 1876, p. 251. Under the latter section, in *McCarnan* v. *Cochran*, 57 Ind. 166, it was held that a complaint for the recovery of real estate, wherein the plaintiff failed to allege that the defendant unlawfully kept him out of possession, was bad for the want of sufficient facts. To the same effect are the cases of *Vance* v. *Schroyer*, 77 Ind. 501, and *Levi* v. *Engle*, 91 Ind. 330. It is clear therefore that the appellant's complaint, in so far as it seeks to recover the possession of the real estate described therein, does not state facts sufficient to constitute a cause of action against the appellee Hord.

Does the complaint state sufficient facts to show that the appellant is entitled to a judgment or decree, quieting its title as against the appellee Hord, to the real estate described therein? We are of opinion, that this question ought to be and must be answered in the negative. In section 1070, R. S. 1881, it is provided as follows:

"An action may be brought by any person either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to or interest in real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title."

This section is a re-enactment of section 611 of the civil code of 1852, 2 R. S. 1876, p. 254. Its provisions have been liberally construed by this court. While it has been held, that the plaintiff need not state in his complaint, with much particularity, the nature of the title or interest claimed by the defendant, in or to the real estate in controversy, yet it has been uniformly held that the complaint must show, that the defendant's claim is adverse to the title asserted by the plaintiff, or is unfounded, and a cloud upon the plaintiff's

title. *Marot* v. *Germania, etc., Ass'n,* 54 Ind. 37; *Jefferson-ville, etc., R. R. Co.* v. *Oyler,* 60 Ind. 383; *Schori* v. *Stephens,* 62 Ind. 441.

In the case in hand the only averment in the complaint upon which the claim for the quieting of title can possibly be founded is the following: "The plaintiff further says that each of said defendants claims some right or title to, or some interest in, said lands." It is nowhere averred in the complaint that the right, or the title, or the interest, claimed by the appellee Hord, in or to the lands described, was adverse to the appellant's alleged ownership thereof, or was an unfounded claim on the part of Hord, or was a cloud upon the title asserted by the appellant. Every fact stated by appellant in its complaint might have been strictly and literally true, precisely as alleged, and yet the complaint failed to state any cause of action against the appellee Hord, and in the appellant's favor, either for the recovery of the real estate or for the quieting of its title thereto. It follows, therefore, that the cross error assigned by appellee Hord, calling in question the sufficiency of the facts stated in the appellant's complaint to constitute a cause of action against him, is well assigned, and entitles him to an affirmance of the judgment.

This conclusion disposes of this appeal; but in view of the fact that it does not affect the merits of the cause, and of further possible proceedings therein, we will briefly consider some of the questions presented by appellant's assignment of errors, and elaborately discussed by its learned counsel.

The first error assigned by appellant is the overruling of its demurrer to the second paragraph of answer of the appellee Kendall M. Hord. In this second paragraph of answer the appellee Hord alleged that, on September 8th, 1870, one Luther Jewett brought an action, in the Tippecanoe Circuit Court, against Benjamin H. McCrea and others, on a promissory note for $800, executed on February 12th, 1870, payable four months after its date, and then due and wholly unpaid, and bearing interest at the rate of ten per cent. per an-

num ; that a summons was duly issued and served on the defendants in such action, more than ten days before the first day of the next succeeding term of such court; that such defendants appeared and answered the complaint in such action, and such proceedings were had therein as that afterwards, on the — day of January, 1871, the said Jewett recovered a judgment against the said defendants in such court, for $899.94 and costs, with interest as aforesaid ; that at said date the said Mc-Crea was the owner in fee simple, and in the possession, of the land described in appellant's complaint herein, and such judgment became a lien thereon, and such land was the only land the said McCrea had any title to or interest in, in said section four; that on July 29th, 1871, the said Jewett sued out of said court an execution on his said judgment against the property of said McCrea and his co-defendants in such judgment; that, under and by virtue of such execution, the sheriff levied upon the property described in appellant's complaint as the property of said McCrea, and, having advertised the time and place of sale in the manner prescribed by law, on the 16th day of September, 1871, offered and sold the said property in fee simple, according to law, to the said Luther Jewett, for the sum of $707.84, he being the highest and best bidder, and that being the highest and best bid therefor, he, Jewett, then and there understanding that he was bidding for and purchasing the land described in appellant's complaint, with which he was familiar, and well knew its location, and that it was the only land owned by said McCrea in that locality, and that the sheriff fully understood he was levying upon and selling the land described in appellant's complaint; and that the said Jewett, understanding that he was purchasing the said land, paid the sheriff the full amount of his bid therefor, which was applied to the payment of said judgment and costs.

The appellee Hord further alleged that, on said 16th day of September, 1871, the sheriff executed to said Jewett a certificate of the sale of said land, and, before the expiration of

the year for redemption, sold and transferred such certificate to Thomas Corey, who transferred the same to Carrie S. Corey, and that, on September 17th, 1872, the proper sheriff executed to said Carrie S. Corey a deed conveying to her the said land; that on said day the said McCrea, fully understanding that said land had been so sold and conveyed, voluntarily gave up and surrendered the possession thereof to said Carrie S. Corey, who took full and complete possession of said land to its full limits and boundaries, as described in the complaint; that the appellee Hord held by and through proper and successive conveyances, in due form of law, from the said Carrie S. Corey, and he and his grantors had been continuously in the uninterrupted possession of said land, from the date of said conveyance to Carrie S. Corey to this date, namely, February 5th, 1883, and were then in the lawful and unobstructed possession of the same, claiming title thereto under said sale and conveyance, adversely to the appellant and all others.

The appellee Hord further averred that the sheriff, by mistake or inadvertence, in his levy, advertisement and deed, described said land as " sixty acres, being a part of the west half of the southwest quarter of section four, in township twenty-three north, of range five west, in Tippecanoe county, and State of Indiana," being the same lands described in appellant's complaint.

It was further averred by appellee Hord, that the only claim or title the appellant had to the land in suit, was by virtue of a sheriff's sale made against the lands of said Mc-Crea, on December 31st, 1881, on a judgment rendered against him on November 26th, 1872, in the Tippecanoe Circuit Court, which was junior to the Jewett judgment under which the appellee Hord held possession and claimed title; that the appellant, at the time of the sale and its purchase under such junior judgment, had full notice of all the facts in regard to the possession and title of the appellee Hord and his grantors. Wherefore the appellee Hord said the appellant had

not brought this action to recover the said land within ten years from September 16th, 1871, the date of the aforesaid sale under the Jewett judgment, and the appellant's right of action was barred by the lapse of time.

The record of this cause shows that appellant's complaint was filed, and a summons issued thereon for the appellee Hord, on the 5th day of April, 1883. In the second paragraph of his answer, a summary of which we have given, the appellee Hord pleaded the limitation declared in the *third* clause of section 293, R. S. 1881, in bar of the appellant's action. In this section of the code it is provided:

" The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward :  *       *       *       *

"*Third.* For the recovery of real property sold on execution, brought by the execution-debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, within ten years after the sale."

This is a re-enactment of the *third* clause of section 211 of the civil code of 1852. 2 R. S. 1876, p. 123.

In discussing the alleged error of the court in overruling the appellant's demurrer to the second paragraph of Hord's answer, its learned counsel says : " The objection to the second paragraph of the answer is that the description in the levy, advertisement, and all the subsequent proceedings," under the Jewett judgment and execution, " is fatally defective—does not describe the land described in the complaint; and that the allegations, as to the intention of the sheriff, the belief of the purchaser, etc., do not help it." With regard to the limitation pleaded by Hord, appellant's counsel further says :

" There is no doubt but the statute will operate, wherever real property has been *sold* by the sheriff on execution ; that no irregularity in the proceedings, or defect in the judgment, will prevent the statute from operating, provided the real property is sold on execution. There is no defect in the Jewett

judgment or irregularity in the subsequent proceedings, and if the realty described in the complaint had been *sold* on the execution, the title would have passed to the purchaser.  He got no title, because there was not a *sale* of this realty, and for no other reason.  It would seem to follow, if this realty was not *sold* on the execution, the ten years' limitation can not bar the operation of the plaintiff's title."

This is the substance of the argument of appellant's counsel against the sufficiency of the second paragraph of Hord's answer.  The position of counsel, as we understand his argument, is that where real property is sold on execution by a defective and insufficient description, the lapse of ten years after such sale will not bar an action for the recovery of such realty by the execution debtor, or by any person claiming under him.  Counsel does not state his position precisely as we have stated it; but, when his argument is applied to the case made by the second paragraph of Hord's answer, admitted to be true by the appellant's demurrer, it will be seen that either we have correctly stated his position, or that his argument is not applicable to the error under consideration. By the demurrer to the second paragraph of answer, it is conceded to be true that at the date of the Jewett judgment the judgment debtor, McCrea, was the owner in fee simple, and in possession, of the land described in the complaint, which was the only land he, McCrea, had any title to or interest in, in said section ; that this land, by virtue of an execution on the Jewett judgment, was levied upon, advertised, sold, and subsequently conveyed as the property of said McCrea; and that, through certain mesne conveyances, appellee Hord held the title to, and possession of, said land under such sale on execution. It was further admitted by the demurrer that the land thus sold on execution was correctly described as to its quantity or number of acres, as to the quarter-section and the half of such quarter, as to the numbers of section, township and range, and the county and State, wherein it was located, in the levy, advertisement, sale and conveyance thereof; in-

deed, it is apparent that the only ground upon which the description of the land in the levy, advertisement, sale and conveyance thereof, under the Jewett judgment and execution, can be held to be "fatally defective" and insufficient, is that it does not locate the "sixty acres" in any specified part of the west half of the southwest quarter of said section four.

We are of opinion that where land is sold by a defective and insufficient description in the levy of the execution, advertisement, sale and conveyance of the land, and possession follows such sale and conveyance, the ten years' limitation will constitute a complete and effective bar to any action brought for the recovery of the land by the execution debtor, or by any person claiming under him by title acquired after the date of the judgment. Nothing can be said of a sale of land by such a defective and insufficient description further than to say that it is void and passes no title. But the statute of limitations above quoted applies to just such a sale. Thus, in *Brown v. Maher*, 68 Ind. 14, in speaking of the limitation heretofore quoted, this court said : "It applies to void sales. If it did not, it would be a dead-letter ; for, if sales are not void, the purchaser needs no statute of limitations to protect his title. See the case of *Hatfield* v. *Jackson*, 50 Ind. 507, and authorities there cited." *Ray* v. *Detchon*, 79 Ind. 56.

In support of his position, the appellant's counsel has cited the cases of *Shoemaker* v. *McMonigle*, 86 Ind. 421, *Miller* v. *Kolb*, 47 Ind. 220, and *Lewis* v. *Owen*, 64 Ind. 446. From an examination of these cases, however, it will be readily seen that neither one of them is in point upon the question we have been considering. Indeed, upon a careful and thorough examination of the reported decisions of this court, we have been unable to find that the precise question here presented has ever been considered or decided by this court. We do not doubt, however, but that we place a just and proper construction upon the statutory limitation above quoted, in holding as we do that it applies to the case in hand, and constitutes a complete bar to the maintenance of

this action by the appellant, against the appellee Hord. The court did not err, therefore, in overruling the appellant's demurrer to the second paragraph of Hord's answer.

One other error, assigned by the appellant, is discussed by its counsel, namely: "The court erred in sustaining the demurrer of said Hord to the appellant's second reply to the second paragraph of said Hord's answer."

We have already given a full summary of the facts stated by Hord, in the second paragraph of his answer. In its second reply to this paragraph of answer, the appellant said that it admitted the rendition of the judgment, in favor of Luther Jewett, and the issue of execution thereon, as alleged in the second paragraph of answer, and that, at such times, the said McCrea was the owner in fee simple of the realty described in the complaint, and was not the owner of any other part of said section of land; and that the appellant averred, that said McCrea continued such owner until the — day of November, 1882, when his title thereto vested in the appellant; and the appellant admitted, that said Jewett caused an execution to be issued on his judgment, as alleged, to the sheriff of Tippecanoe county; and the appellant averred, that said execution was levied by such sheriff on "60 acres, being a part of the west half of the south-west quarter of section four, in township twenty-three north, of range five west, in Tippecanoe county and State of Indiana; that in the advertisement of sale under said execution, the sale, the certificate of sale to said Jewett, the return to such execution, and in the sheriff's deed in pursuance thereof to Carrie S. Corey, as the assignee of said certificate, the description was that herein above set out, and not otherwise in any particular, nor was there any other execution ever issued on the Jewett judgment; that the sheriff's deed was made to said Carrie S. Corey on September 17th, 1872, more than ten years before the commencement of this suit; and the appellant denied each and every allegation of said paragraph of answer, ex-

cept such as are herein admitted; wherefore the appellant denied that the lands, described in its complaint, were ever sold by the sheriff of such county to Luther Jewett, or a certificate of sale thereof made to said Jewett, or a deed thereof executed by the sheriff to said Carrie S. Corey, as alleged in the second paragraph of Hord's answer."

We are of opinion, that this second reply did not contain sufficient facts to show that the limitation pleaded by appellee Hord, in the second paragraph of his answer, was not a complete and effective bar to the suit brought by the appellant, claiming under McCrea, the execution debtor, by title acquired after the date of the Jewett judgment. Indeed, it seems to us that the appellant has not stated, in its second reply, the material facts in relation to the sale of McCrea's real estate, under the Jewett judgment and execution, substantially different from the statement of the same facts by the appellee Hord, in the second paragraph of his answer. In argument, the appellant's counsel places much stress on the denial, in the second reply, of the allegations in the second paragraph of answer, in relation to the sheriff's intention, and the purchaser's belief, in connection with the sale under the Jewett execution. Independently of those allegations, however, enough is stated by appellee Hord, in the second paragraph of his answer, and admitted or shown to be true in the appellant's second reply, to demonstrate that the ten years' limitation was applicable to the case in hand, and, as pleaded by Hord, constituted a complete bar to the appellant's cause of action. Our conclusion is, therefore, that the court committed no error in sustaining the demurrer of the appellee Hord to the second reply of the appellant to the second paragraph of his answer.

The judgment is affirmed with costs.

Filed Jan. 25, 1884. Petition for a rehearing overruled April 2, 1884.