Filed Oct. 29, 1885.

---

No. 11,957.

MANSUR ET AL. *v.* STREIGHT ET AL.

REAL ESTATE, ACTION TO RECOVER.—*Right to Possession.*—*Complaint.*—Under sections 1050 and 1054, R. S. 1881, a complaint to recover the possession of real estate, which fails to allege that the plaintiff is entitled to the possession, or facts showing such right, is bad both before and after verdict.

SAME.—*Defect not Cured by Verdict.*—The omission from the complaint of a fact essential to the plaintiff's cause of action is not cured by verdict.

From the Marion Superior Court.

*H. J. Milligan, B. Harrison, W. H. H. Miller* and *J. B. Elam*, for appellants.

*J. A. Holman* and *F. Winter*, for appellees.

MITCHELL, C. J.—The only question presented by the record and assignment of errors in this case involves an in-

Mansur *et al. v.* Streight *et al.*

quiry concerning the sufficiency of the complaint after a finding and judgment for the plaintiff. The suit was to recover the possession of certain real estate in the city of Indianapolis.

Section 1050, R. S. 1881, provides that "Any person having a valid subsisting interest in real property and a right to the possession thereof may recover the same by action to be brought against the tenant in possession," etc.

Section 1054 is as follows: "The plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, * * * and that the defendant unlawfully keeps him out of possession."

The averments in the complaint material to be noticed are, that the plaintiffs are the owners of the land in controversy, and that the defendants "unlawfully keep them out of possession of the same."

It is contended that because the complaint did not contain the averment that the plaintiffs are entitled to the possession, it was not sufficient.

For the appellee, it is argued that even though the complaint may not have been sufficient, as against a demurrer, it is good after finding and judgment. That an averment that the plaintiff is entitled to the possession is essential to withstand a demurrer in actions like this, is settled. *Miller* v. *Shriner*, 87 Ind. 141; *McCarnan* v. *Cochran*, 57 Ind. 166; *Levi* v. *Engle*, 91 Ind. 330.

In *Swaynie* v. *Vess*, 91 Ind. 584, it was held that while such averment was necessary, it was not required to be made in the exact words of the statute. If the averments in the complaint are such as to show the plaintiff's right to the possession, and that the defendant unlawfully detains it from him, it is sufficient.

Taking it as settled that it is necessary, either to aver in terms that the plaintiff is entitled to the possession, or to state facts from which his right of possession arises by nec-

essary implication, the inquiry still remains, is the complaint in this record within the rule?

In actions of this character, it is settled that the plaintiff must recover on the strength of his own right. It is not enough to show that the defendant's possession is without right. He must aver and prove his right. It might have been conceded that the defendants had no right to the possession of the premises in dispute, and that they unlawfully kept the plaintiffs out, and yet the right of possession may have been rightfully in a stranger to the record. This is not the case of an essential averment inaccurately or defectively stated, but one where there is a total omission of a fact essential to the plaintiffs' cause of action. In such cases the omission is not cured by a verdict or judgment. *Eberhart* v. *Reister*, 96 Ind. 478; *Second Nat'l Bank* v. *Corey*, 94 Ind. 457. Other questions argued are not in the record.

For the reason that the complaint was insufficient, the judgment of the general term reversing the judgment of the special term is affirmed, with costs.

Filed Oct. 29, 1885.