Filed October 9, 1895.

No. 16,465.

PITTSBURG, CINCINNATI, CHICAGO & ST. LOUIS R. W. COMPANY *v.* O'BRIEN ET AL.

BILL OF EXCEPTIONS. — *Filing.* — *Record.* — *Appellate Procedure* — A bill of exceptions cannot be considered on appeal, where there is nothing to show that it was ever filed in the office of the clerk of the trial court.

APPELLATE PROCEDURE.—*Waiver of Error.*—An error in overruling a demurrer is waived by failure to discuss the same in appellant's brief.

SPECIAL FINDING. — *Quieting Title.* — *Tenants by Entirety.* — *Real Estate.*—Failure to find that plaintiffs are husband and wife, is fatal to a judgment in their favor, in an action to quiet title to land, of which they allege they are "owners in entirety."

EJECTMENT. — *Burden of Proof.* — The burden of establishing, by affirmative proof, his title and right to possession, is upon plaintiff, in an action to recover possession of land.

SAME,—*Complaint, Necessary Averment.*—A complaint in an action to recover possession of land is fatally defective, where it fails to allege, as required by section 1066, R. S. 1894, that the plaintiff is "entitled to possession."

From the Tipton Circuit Court.

*C. H. Burchenal, J. L. Rupe, R. P. Beauchamp* and *W. W. Mount,* for appellant.

*J. O'Brien* and *C. Wolfe,* for appellees.

McCABE, J.—The appellees sued the appellant in the Howard Circuit Court, in a complaint of two para-

graphs, the first of which was to quiet the title of the plaintiffs to, and the second was to recover possession of, lots 19 and 50 in T. J. Faulkner's addition to the city of Kokomo, in Howard county, Indiana.

The venue was changed to the Tipton Circuit Court, where a trial of the issues, formed upon the complaint, resulted in a special verdict, upon which the plaintiff below had judgment, quieting their title and recovering the possession. The errors assigned call in question the action of the circuit court in overruling a demurrer to each paragraph of the complaint, in overruling appellant's motion for a *venire de novo*, in overruling appellant's motion for judgment in its favor on the special verdict, and in rendering judgment in favor of appellees upon the special verdict.

The second paragraph of the complaint is fatally defective in its failure to state that the plaintiff was entitled to possession of the lots. The statute provides that: "The plaintiff in his complaint shall state that he is entitled to possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession." Burns R. S. 1894, section 1066; R. S. 1881, section 1054; *Leary* v. *Langsdale*, 35 Ind. 74; *McCarnan* v. *Cochran*, 57 Ind. 166; *Vance* v. *Schroyer*, 77 Ind. 501; *Levi* v. *Engle, Admr.*, 91 Ind. 330; *Mansur* v. *Streight*, 103 Ind. 358; *Simmons* v. *Lindley*, 108 Ind. 297; *Miller* v. *Shriner*, 87 Ind. 141.

Strong as these authorities are in support of the error assigned on the ruling, overruling the demurrer to the second paragraph of the complaint for want of sufficient facts, the appellant has waived it by the failure to discuss the same in its brief.

The substance of the special verdict is: That the railroad track, the defendant now owns and operates through

Howard county, Indiana, was located where it now is in 1851 and 1852, under a charter originally granted to the New Castle & Richmond Railroad Company and an extension of the charter of said company made in 1851, and the name of the company was changed before the railroad was completed to the Cincinnati, Logansport & Chicago Railroad Company, by which last named company the most of the work of construction thereof had been done through Howard county.

Prior to the establishment of said railroad through Howard county, Thomas J. Faulkner was the owner of the northwest quarter of section 31, township 24 north, range 4 east, and said railroad route, now owned by said defendant, was located upon said quarter section then owned by Thomas J. Faulkner.

Afterwards, said Faulkner caused a part of said land to be surveyed and platted as an addition to the town, now city, of Kokomo, Indiana, and acknowledged the same on May 5, 1866, and recorded on said day in the record of such plats kept in the recorder's office of Howard county, Indiana, said plat containing lots numbered from 1 to 50, both inclusive of different sizes and shapes, as shown on the said plat; said addition was located on both sides of said railroad route; and said lots were located up to within 17½ feet of the center of said railroad track on either side thereof.

Said lots 19 and 50 were located on the east side of said railroad track and adjoining said track, as described in said plat, and west of Sherman avenue and north of George street, as indicated on said plat.

On November 18, 1869, Thomas J. Faulkner and wife deeded to Napoleon B. Brown said lots 19 and 50, with a number of others, in said addition, for $700. In ascertaining the amount of ground in the lots so deeded, they were measured and paid for by the acre, and said lots,

19 and 50, with others, to within 17½ feet of the center of said railroad track.

Prior to the time of the conveyance of said lots 19 and 50, they were fenced to a line near 17½ feet on the east side of the center of said track, and occupied by said Faulkner as a garden or truck farm, and so continued to be used for two years or more after said Brown became the owner thereof. Afterwards, the fence became worthless and the lots lay out as commons until some four to six years ago, when the defendant company, or some of its predecessors in ownership, put a fence on the east side of its track, 40 feet, or nearly so, from the center of its track, where it yet remains.

Afterwards, on April 21, 1890, said Brown and wife made a warranty deed for lots 19 and 50 to the plaintiffs, James and Charlotte Louisa O'Brien, subject to any unpaid taxes or outstanding tax titles.

On February 11, 1880, the auditor and treasurer of Howard county sold said lots 19 and 50 to Gustav R. Frees, who transferred his claim to Lewis Mergenthein, who took a tax deed therefor on February 16, 1882, and Mergenthein deeded said lots to the plaintiffs on April 21, 1890, they having been sold by said officers as the property of said Brown.

On March 22, 1887, William A. Stewart received a tax deed for lot 19 from the treasurer of the city of Kokomo, and on May 21, 1890, said Stewart deeded said lot to the plaintiffs.

The defendants in this action are entitled to all the rights of all its predecessors in ownership of said railroad route.

The plaintiffs have title to lots 19 and 50, as laid out and located by said Faulkner in his plat aforesaid.

The predecessor in ownership of the defendant, who obtained the right to locate defendant's road over the

land of said Faulkner, embracing said lots 19 and 50, obtained 35 feet in width through said land, and no more at the place where said lots are situated, and neither the defendant, nor any of its predecessors, ever had or used more than 17½ feet from the center of their track, and on the east side thereof, adjoining lots 19 and 50, until four to six years ago.

That the plaintiffs have been damaged by the detention of the part of said lots in the sum of three dollars.

The facts thus found do not justify a judgment recovering the possession by the appellees because it is nowhere found that they were entitled to possession. That, as we have seen, was a fact indispensably necessary to be alleged in the complaint to make it good, and it was equally necessary that the fact should be found. But the fact is neither alleged nor found. Had it been found, the verdict would still have been ill, because that finding would have been outside of the issues and ineffective. Burns R. S. 1894, *supra; Leary* v. *Langsdale, supra; McCarnan* v. *Cochran, supra; Vance* v. *Schroyer, supra; Levi* v. *Engle, Admr., supra; Mansur* v. *Streight, supra; Simmons* v. *Lindley, supra; Miller* v. *Shriner, supra; Swaynie* v. *Vess,* 91 Ind. 584.

In an action for possession of real estate the burden is upon the plaintiff to establish by affirmative proof his title and right to possession. *Roots* v. *Beck,* 109 Ind. 472. That being so, the failure to find that the appellees were entitled to possession is equivalent to a finding that they were not entitled to possession. *Henderson* v. *Dickey,* 76 Ind. 264; *Graham* v. *State, ex rel.,* 66 Ind. 386; *Johnson* v. *Putnam,* 95 Ind. 57; *Parmater* v. *State, ex rel.,* 102 Ind. 90; *Glantz* v. *City of South Bend,* 106 Ind. 305; *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273 (4 L. R. A. 549); *Town of Fowler* v. *Linquist,* 138 Ind. 566; *Manor* v. *Board, etc.,* 137

Ind. 367, and cases there cited; *Brazil, etc., Co.* v. *Hoodlet,* 129 Ind. 327.

The finding, then, is in legal effect that the appellees are not entitled to possession; that finding precludes and prevents a judgment quieting title in them; because, as was said in *Ragsdale* v. *Mitchell,* 97 Ind. 458, pp. 461–2, "An action to quiet title does not merely settle title so far as to invest the plaintiff with possession. It does much more than this when successfully prosecuted; it sweeps away all claims and liens which impair the complainants' title."

If the appellees have no right to possession as the verdict in effect finds, then a judgment quieting title in them would be unsupported by the verdict and finding, because such a judgment and decree would invest the plaintiffs with the right of possession, the very thing the verdict finds they were not entitled to. We do not mean to hold that a plaintiff cannot maintain an action under our statute to quiet title to real estate unless he is also entitled to the possession thereof. In such a case where he is not entitled to possession, he must in his complaint state at least the nature of his interest or title, showing that it is consistent with the right of possession in the defendant or somebody else.

As was said in *McMannus* v. *Smith,* 53 Ind. 211, which was an action to quiet title: "In pleading a fee-simple, it is only necessary to state it, because it includes the entire interest in the land; but in pleading an estate in lands less than a fee-simple, it must be particularly described, or it would not appear what part of the fee-simple it was, either in quantity of estate, time of its duration, or whether in severalty, coparcenary, or in common, or what one of the numerous parts into which the fee-simple may be divided." The first paragraph of the complaint stated a fee-simple in general terms and

hence a decree, quieting title in them under it, would invest them with the right of possession.

But there is another reason why the facts found are not sufficient to authorize a judgment quieting title in the appellees.    They alleged a particular title in the first paragraph seeking to quiet the same, namely, that: "Plaintiffs are the owners in entirety    *    *    of the following described real estate in Howard county in the State of Indiana, viz:" and then follows the description of the lots.

This description of the plaintiffs' title can only be construed to mean what was known at common law and under our statutes as an estate by entireties.    Burns R. S. 1894, sections 3341, 3342  (R. S. 1881, sections 2922, 2923); Davis v. Clark, 26 Ind. 424; Arnold v. Arnold, 30 Ind. 305; Chandler v. Cheney, 37 Ind. 391; Jones v. Chandler, 40 Ind. 588; Carver v. Smith, 90 Ind. 222; Thornburg v. Wiggins, 135 Ind. 178 (22 L. R. A. 42); 6 Am. and Eng. Ency. Law, 894, and authorities cited.

In ejectment it is sufficient to state the plaintiffs' title without stating its source in the complaint.    McMannus v. Smith, supra.    But when the source of the plaintiffs' title is alleged, no other can be proven even in an action to quiet title.    Ragsdale v. Mitchell, supra; Johnson v. Pontious, 118 Ind. 270; Grissom v. Moore, 106 Ind. 296.    In Ragsdale v. Mitchell, supra, which was a suit to quiet title, Elliott, J., speaking for the court, said: "The title of the appellee is specifically described, and as he can only recover according to the allegations of his pleading, he must recover upon the title pleaded. It may not be necessary to specifically describe a title, but when the pleader does describe one title, and does describe it specifically as the only title upon which he relies, his recovery must be had upon his title as laid.

Stephen Pl., 304; Sedg. & Wait Trial of Title, section 343. According to the statements of the complaint, the title which the plaintiff purchased was such, and such only, as the sale and conveyance by the assignee could transfer, and if this title is sufficient to cut off the rights of the wife, then the complaint is good, otherwise it is not; for as this is the title specifically described and exclusively relied on, the recovery must be had upon that or not at all."

Title by entireties can only be created in this State by a conveyance to a husband and his wife. Burns R. S. 1894, sections 3341, 3342, (R. S. 1881, sections 2922, 2923); *Davis* v. *Clark, supra; Arnold* v. *Arnold, supra; Chandler* v. *Cheney, supra; Jones* v. *Chandler, supra; Carver* v. *Smith, supra; Thornburg* v. *Wiggins, supra;* and it was the same at the common law. 6 Am. and Eng. Ency. Law, 894, and cases there cited.

It is probably true that the plaintiffs were husband and wife, but the fact is neither alleged nor found. It was perhaps sufficient to allege that they were tenants by entireties or that they were owners by entireties. Under this allegation the relationship might be proven and the joint deed to them could also be proven. But neither fact is found. There are other defects in the special verdict which we deem it unnecessary to point out. The circuit court erred in rendering judgment on the special verdict.

The controlling questions as to the merits of the controversy between the parties arise on the overruling the motion for a new trial, which cannot be determined without the evidence. And, unfortunately, the evidence is not in the record, though it was attempted to be incorporated therein by means of a bill of exceptions, but there is nothing to show that it was ever filed in the clerk's office of the circuit court. This must be shown

by the transcript. *Shulse* v. *McWilliams*, 104 Ind. 512; *Loy* v. *Loy*, 90 Ind. 404; *Stewart* v. *State*, 113 Ind. 505; *Downey* v. *Head*, 138 Ind. 503; *Board, etc.*, v. *Huffman, Admr.*, 134 Ind. 1; *Guirl* v. *Gillett*, 124 Ind. 501; *Shewalter* v. *Bergman*, 132 Ind. 556.

The judgment is reversed, with instructions to grant a new trial.

Filed October 9, 1895.