# THIEME & WAGNER BREWING COMPANY v. POLING ET AL.

[No. 6,881. Filed October 25, 1910. Rehearing denied December 30, 1910. Transfer denied March 16, 1911.]

1. EMINENT DOMAIN.— *Title Acquired.— Canals.— Public.*— The State, in condemning lands for the Wabash and Erie canal, acquired a fee-simple title. p. 289.
2. DEEDS.—*Easements.—Canals.*—A deed to the State of Indiana, conveying lands fronting on the Wabash and Erie canal, "for the sole and only purpose of using the water-power created on the premises by the Wabash and Erie canal * * * and none other," conveyed an easement only, and the State's grantees received no greater rights therein. p. 290.
3. QUIETING TITLE.—*Evidence.—Essentials.*—The plaintiff, in a quiet title case, must recover, if at all, upon the strength of its own, and not upon the weakness of defendants' title. p. 290.

From Superior Court of Tippecanoe County; *Charles F. Guenther,* Special Judge.

Suit by the Thieme & Wagner Brewing Company against Edward Poling and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Wilson & Quinn* and *John F. McHugh,* for appellant.

*Charles E. Thompson* and *Davidson & Boulds,* for appellees.

. .WATSON, P. J.—This was a suit by appellant against appellees to quiet title to and recover possession of a certain tract of ground, of about one acre, in the city of LaFayette, Indiana, described as follows:

"So much of out-lot four in Cabot & Huntington's addition to the city of LaFayette as is described and bounded as follows: Bounded on the south by a line made by the continuation of the north line of Salem street to the Wabash river; on the north by a line commencing at a point on the Wabash and Erie canal, 100 feet north of the bridge over said canal at Salem street, and running west to the Wabash river, parallel to the

south line; on the east by the Wabash and Erie canal, and on the west by a line forty feet east of low-water mark of said Wabash river.''

To this complaint appellees answered in general denial. Trial was had by jury, resulting in a verdict in favor of appellees. A new trial was granted as of right. The second trial by jury resulted in a verdict for appellees, upon which judgment was rendered, and from which this appeal is prosecuted.

It is contended by appellant that the title to said real estate is vested in it by virtue of conveyances by its grantors, immediate and remote, to and including the deed made on April 12, 1841, by Cabot, Huntington & Porter to the State of Indiana, which deed is as follows:

''This indenture, made this 12 day of April, 1841, between Joseph S. Cabot, of Salem, County of Essex, and Commonwealth of Massachusetts, Samuel H. Huntington and Sarah B. Huntington, his wife, and Asa S. Porter, of Hartford, County of Hartford, and State of Connecticut, of the first part, and the State of Indiana, of the second part, witnesseth, that said party of the first part, for and in consideration of the sum of $300 lawful money of the United States, to them in hand paid by said party of the second part, the receipt whereof is hereby acknowledged, doth grant, bargain, sell and convey unto said party of the second part, and to its assigns forever, a certain tract lying in the County of Tippecanoe and said State of Indiana: viz., so much of lot number four in Cabot & Huntington's addition to the town of Lafayette, in said county, as is described and bounded as follows: South by a line made by the continuation of the north line of Salem street to the Wabash river; north by a line commencing at a point on the Wabash and Erie canal 100 feet north of the bridge over said canal at Salem street, and running west to the Wabash river, parallel to the south line; east by said Wabash and Erie canal, and west by a line forty feet east of the low-water mark of said Wabash river. Also one other tract of land * * *. This indenture is made for the sole and only purpose of using the water-power created on the premises by the Wabash and Erie canal, and none other. * * * To have and

NOVEMBER TERM, 1910. 289

Thieme & Wagner Brew. Co. v. Poling—47 Ind. App. 287.

to hold the same premises to said State of Indiana and to its assigns forever. Hereby covenanting that said premises are free and clear of all incumbrances, and warranting and defending them with all the privileges and appurtenances to said State of Indiana against all claims and demands of any and all persons whatsoever. In witness whereof said parties of the first part have hereunto set their hands and seals this 12th day of April A. D., 1841.

Samuel H. Huntington (L.S.)
Sarah H. Huntington (L.S.)
Asa S. Porter (L.S.)
Joseph S. Cabot. (L.S.)"

The appellees, however, contend that, by virtue of the clause in the deed which reads as follows:

"this indenture is made for the sole and only purpose of using the water-power created on the premises by the Wabash and Erie canal, and none other,"

the State of Indiana took, under this deed, an easement only in the property heretofore described. It is not contended that said property constituted any part of the bed or thread of the canal, or any part of the banks, or had located upon it any lot, dam, or anything connected with, or which was required in the operation of the canal for canal purposes, or any part of the structure of said canal. Its eastern boundary is the western boundary of the canal, and no claim is made that the State ever used this property for canal purposes. If the State of Indiana had, by condemnation proceedings, acquired title to the property in controversy for canal purposes, and used it as such, then it would have acquired a fee-simple title thereto. *Brookville, etc., Hydraulic Co.* v. *Butler* (1883), 91 Ind. 134; *Indianapolis Water Co.* v. *Kingan & Co.* (1900), 155 Ind. 476, and cases cited.

But in this case no such proceedings were had. Whatever title the State had in this property it acquired by virtue of the deed before set out. The conveyance made by the State

to this property did not convey to the grantee a greater title than the State had acquired by virtue of this deed. It follows, from the language embraced in the deed, that the State acquired nothing more than an easement in and to the property described in plaintiff's complaint. *Indianapolis Water Co.* v. *Kingan & Co., supra.*

Appellant, if it recovered at all, must recover upon the strength of its own title. Having alleged that it was the owner in fee simple of the real estate herein described, it was necessary to prove that fact, and if it failed in this it failed in proof. *Pittsburgh, etc., R. Co.* v. *O'Brien* (1895), 142 Ind. 218.

The court did not err in refusing to grant the motion for a new trial. Judgment affirmed.