## BUTLER ET AL. *v.* HOLTZMAN ET AL.

SPECIFIC PERFORMANCE.—*Title-Bond.*—*Equitable Title.*—*Descent.*— *Widow.*— *Sheriff's Sale.*—*Evidence.*—A. purchased certain real estate, at a sheriff's sale thereof, receiving the proper certificate of such purchase, which he subsequently lost; and, though the time for the redemption of such real estate expired without its being redeemed, he never received a conveyance therefor. Subsequently he sold and delivered possession of such realty to B., executing to the latter a title-bond, in which his wife did not join, binding himself to convey the same to B., his heirs or assigns, on payment of the purchase-money of such sale. B. having assigned

such bond, and delivered the possession of such realty, to C., the latter paid such purchase-money to A., who, without making such conveyance, died, and C. brought suit against the widow and heirs of A., to obtain a decree for the specific performance of the terms of such title-bond.

*Held*, that such widow and heirs were not entitled to any part of such realty, A. having parted with his equitable interest therein, by the execution of such title-bond, and that C. was entitled to such decree.

*Held*, also, that evidence of the statements of A., that he had made such title-bond because of the loss of such certificate, was immaterial.

From the Monroe Circuit Court.

*J. H. Louden* and *J. H. Rogers*, for appellants.

*R. W. Miers*, for appellees.

BIDDLE, J.—Complaint by appellees, to enforce the specific performance of a title-bond. The appellants were all defaulted, except Elizabeth Butler ; she answered by a general denial, and filed a counter-claim, setting up that Frederick T. Butler died seized of the lands in controversy, leaving her his widow, and that she is entitled to one-third of the lands. To the counter-claim, the appellees answered by a general denial and a special paragraph. A demurrer was filed to this paragraph, on the ground of a want of facts alleged; the demurrer was overruled, and exceptions reserved ; but we do not notice this question, as the special paragraph went merely to the denial of the counter-claim, and, as the general denial was in, no error was committed. The cause was tried by the court, and a finding had for the appellees, which was questioned by the proper motions and exceptions, over which the court decreed a specific performance of the bond. Appeal.

The controlling facts of the case, about which, we believe, there is no material dispute between the parties, are as follows :

In 1865, Jacob Wampler recovered judgment against John D. Vint, in the court of common pleas, for seventy-five dollars, and costs. Execution was issued upon the judgment, the land described in the title-bond levied

upon as the property of Vint, and sold by the sheriff to Frederick T. Butler, to whom the sheriff executed the proper certificate of purchase, which was afterwards lost. Frederick T. Butler sold the land to James Burton, and gave him the title-bond in question, conditioned to execute a proper conveyance to Burton, his heirs or assigns, on payment of the purchase-money. Burton assigned the bond to the plaintiffs, who paid the purchase-money for the land. Vint never redeemed the land. Butler occupied it four years before he made the title-bond to Burton, and died, but never received the sheriff's deed. Burton entered in and possessed the land, under his title-bond, and the plaintiffs entered in and possessed the land, under their assignment from Burton.

There is a question of evidence raised as to certain testimony of George A. Buskirk, who was allowed to state, over the objection of the appellants, that "Said Butler informed me that he had lost the certificate of purchase, and made the bond to Burton because he had lost the certificate of purchase." It does not appear whether this statement of Butler's was made while he owned the land, or after he had sold it; but no such objection was pointed out to the testimony. We hold, however, that the testimony, as against the appellants, was immaterial. Their rights are just the same, whether the certificate was lost or not. Both parties agree that it once existed.

It is insisted, on behalf of the appellants, that, as Butler owned the land for several years after he was entitled to the sheriff's deed, and occupied the same under his certificate of purchase, he became seized thereof, and held a title which he could not convey, unless his wife joined in the deed. We have come to a different conclusion. If Butler had died while he held an equitable title to the land, under the sheriff's certificate, and before he had made the title-bond in question, and before he had received the consideration for the sale of the land, his widow and heirs would have had an interest therein; but

the facts show that he never was seized of the land, during the marriage, and that, at the time of his death, he had no interest in it, whatever; there was, therefore, nothing left in the land for his widow and heirs to take. 1 R. S. 1876, p. 413, sec. 27.

We think there is no error in the record.

The judgment is affirmed, with costs.