Filed Nov. 22, 1886.

———————◆———————

No. 12,535.

SIMMONS v. LINDLEY ET AL.

REAL ESTATE.—*Action to Recover.*—*Right to Possession When Suit Brought.*— *Complaint.*—*Supplemental Complaint.*—In an action to recover real estate, a complaint, which fails to allege that the plaintiff was entitled to the possession at the time he commenced his suit, is insufficient on demurrer, and such defect is not cured by the filing of a supplemental complaint by the plaintiff's heirs, after his death, alleging that they are entitled to the immediate possession of such real estate.

PLEADING.—*Supplemental Complaint.*—*Amended Complaint.*—*Practice.*—The office of a supplemental complaint is to show facts which have occurred since the filing of the original complaint. If the original complaint is bad, and at the time it was filed facts existed which, if properly pleaded, would have made it sufficient on demurrer, such facts must be brought into the case by an amended complaint, and not by supplemental complaint.

From the Hancock Circuit Court.

*W. R. Hough,* for appellant.
*W. S. Denton, E. Marsh* and *W. W. Cook,* for appellees.

HOWK, J.—The first error complained of here by appellant, the defendant below, is the overruling of his demurrer to appellees' complaint herein.

This suit was commenced in the court below on the 30th day of May, 1884, by one Martha A. Woods as sole plaintiff, against the appellant as sole defendant. In her complaint then filed, Martha A. Woods alleged that she was the owner in fee simple of the undivided one-third of certain parcels of

real estate, particularly described, in Hancock county; and that appellant wrongfully, and without any lawful right, detained and kept possession thereof from her, and denied her title thereto. Wherefore she demanded judgment for the possession of said property, and for all other proper relief.

Afterwards, on the 30th day of December, 1884, and before any steps had been taken in the cause, the death of Martha A. Woods was suggested to the court. Thereafter, on the 9th day of June, 1885, the appellees appeared as plaintiffs and filed what is called their supplemental complaint herein, and alleged therein that, since the commencement of this suit, the original plaintiff, Martha A. Woods, had died testate, leaving as her surviving children and devisees the appellee, Olive F., wife of William F. Lindley, Sarah A., wife of Clarence A. Burk, and John C. Woods, to whom she devised all said parcels of real estate; that they were the owners in fee simple of the real estate, described in the original complaint, which they also described particularly in their supplemental complaint; that the appellant unlawfully and without right detained and kept the possession of said real estate from the appellees, and wholly denied their title thereto; and the appellees averred that they were entitled to the immediate possession of said real estate. Wherefore they demanded judgment for the possession of said real estate, and for all other proper relief.

After this supplemental complaint was filed, appellant demurred to the original complaint of Martha A. Woods. This was the only demurrer filed by appellant, so far as the record shows, and it was overruled by the court. It must be this ruling which appellant assigned here as his first error, because the record fails to show either that he demurred to the complaint of the appellees, or that such a demurrer was overruled by the court.

In argument, appellant's counsel vigorously insists that the original complaint of Martha A. Woods was bad, and that it was error to overrule his demurrer thereto. That

much must be conceded, we think. The original complaint sought to recover the possession of real estate, and it contained no averment of the fact, if it were the fact, that Martha A. Woods,. the plaintiff therein, was entitled to the possession of the real estate, at the time she commenced her suit. For the want of such an averment, it is clear that the original complaint herein did not state facts sufficient to constitute a cause of action, and that the demurrer thereto ought to have been sustained. Section 1054, R. S. 1881; *McCarnan* v. *Cochran*, 57 Ind. 166; *Vance* v. *Schroyer*, 77 Ind. 501; *Second Nat'l Bank, etc.*, v. *Corey*, 94 Ind. 457.

But can this error of the court, for such it was, be made available by the appellant for the reversal of the judgment below? As we have seen, after the death of the original plaintiff, Martha A. Woods, the appellees, as her heirs and devisees, appeared and filed what they called "a supplemental complaint herein." We have said that the appellant had failed to challenge the sufficiency of this so-called supplemental complaint, by a demurrer thereto for the want of facts; but the reason for this failure may have been that, in *Derry* v. *Derry*, 98 Ind. 319, it was held by this court that a demurrer to a supplemental complaint is unwarranted, and presents no question. In section 399, R. S. 1881, which is a literal re-enactment of section 102 of the civil code of 1852, provision is made for filing "supplemental pleadings, showing facts which occurred after the former pleadings were filed."

In *Musselman* v. *Manly*, 42 Ind. 462, after quoting such section 102 of the civil code of 1852, then in force, the court said: "A supplemental complaint is not, like an amended complaint, a substitute for the original complaint, by which the former complaint is superseded; but it is a further complaint and assumes that the original complaint is to stand."

A supplemental complaint must show facts which occurred after the filing of the original complaint. If the original complaint is bad, and, at the time it was filed, there were

facts then existing which, if they had been properly pleaded, would have made such complaint sufficient to withstand a demurrer for the want of facts, it is settled by our decisions that such existing facts can only be brought into the case by an amended complaint, and never by a supplemental complaint. *Patten* v. *Stewart*, 24 Ind. 332; *Musselman* v. *Manly, supra; Morey* v. *Ball*, 90 Ind. 450; *Dillman* v. *Dillman*, 90 Ind. 585; *Davis* v. *Krug*, 95 Ind. 1; *Derry* v. *Derry, supra.*

In the case under consideration, the appellees did not attempt to supply the material omitted averment in the original complaint, by their supplemental complaint. It is true they alleged, that they were entitled to the possession of the real estate in controversy; but it does not follow from this averment, by any means, that the original plaintiff, Martha A. Woods, was shown to have been, or was in fact, entitled to the possession of such real estate, at the time she commenced this suit. We are constrained, therefore, to hold that the error of the trial court, in overruling appellant's demurrer to the original complaint, is fatal to the appellees' case as they have presented it, and, for that reason, is available to the appellant for the reversal of the judgment below.

This conclusion renders it unnecessary and, perhaps, improper for us to consider now the only other error, of which appellant complains.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Filed Nov. 22, 1886.