## SCHAEFER *v.* PURVIANCE ET AL.

[No. 19,717.    Filed February 5, 1903.]

VENDOR AND PURCHASER.—*Deed.*—*Delivery.*—*Interest of Widow of Purchaser.*—A purchaser of land held possession thereof under an executory contract for a conveyance upon the payment of the purchase price. Default was made in payment, and vendor brought suit on the purchase-money notes and filed with his complaint a deed to the property for the use of vendee upon his payment of the notes. The vendee, without consent of vendor, and without payment of the notes, took the deed from the files and caused it to be recorded. Vendor obtained a judgment foreclosing the lien of the notes against the land, without making the vendee's wife a party, and purchased the land at sheriff's sale. The vendee died without redeeming the land and his wife brought suit for partition. *Held,* that the wife had no interest in the land. *pp. 64–69.*

DEED.—*Delivery.*—*Trial.*—*Finding.*—A finding that a vendor, under an executory contract for the conveyance of real estate upon the payment of the purchase money, filed, with his complaint to foreclose, the deed he had previously prepared and tendered to the purchaser for the use of the latter, upon his payment of the purchase money, and that soon after the filing, without the consent of

vendor, and without paying anything on the notes, the vendee took the deed from the clerk's office and lodged it for record in the recorder's office, and that there was no further delivery, sufficiently shows that there was no delivery of the deed. *pp. 69, 70.*

From Huntington Circuit Court; *J. C. Branyan,* Judge.

Suit by Catharine Schaefer against David A. Purviance and others for partition. From a judgment in favor of defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. B. Kenner, U. S. Lesh* and *Eben Lesh,* for appellant. *T. G. Smith,* for appellees.

HADLEY, C. J.—Appellant sued appellees for partition of certain lots in the city of Huntington, alleging that she was the owner in fee simple of an undivided one-third of the property, and appellees the owners of the other two-thirds. Appellees jointly answered by general denial, and David A. Purviance filed a cross-complaint to quiet his title, to which appellant filed an affirmative answer. A demurrer was overruled to the cross-complaint, and sustained to the affirmative answer. Trial by the court. Special finding and conclusions of law favorable to appellees, and judgment that appellant had no interest in the property, and that she take nothing by her suit. Motions for a *venire de novo* and a new trial were overruled. Error assigned upon all adverse rulings.

In substance the special finding discloses that on May 10, 1892, David A. Purviance, being the owner in fee simple of the lots in controversy, sold them to Rudolph Schaefer, the then husband of appellant, for the agreed price of $750, payable $50 in cash, and the balance in two equal instalments, due May 10, 1893 and 1894, respectively. Schaefer paid the $50 cash, and executed to Purviance his two notes, payable at a bank in this State, for the deferred payments, whereupon, in pursuance of the contract, Purviance executed to Schaefer his title bond, condi-

tioned that upon full payment of said notes at maturity, Purviance should, upon reasonable request, execute to Schaefer, his heirs or assigns, a good and sufficient conveyance of said lots in fee simple by warranty deed. Under the contract, Schaefer took possession, and in 1893 erected thereon permanent improvements of the value of $275. Schaefer made default in payment of the notes, and, both remaining due and wholly unpaid, Purviance, joined by his wife, signed and acknowledged a deed of general warranty sufficient to convey to Schaefer the lots in fee simple, and on April 26, 1897, tendered said deed to Schaefer, and demanded payment of said notes in compliance with his contract. Schaefer having failed to pay any part of the sum due, Purviance instituted an action against him in the Huntington Circuit Court, at the April term, 1897, on said contract of sale, and, with his complaint, filed in the clerk's office the deed mentioned above, for the use of Schaefer, upon the latter's payment of the said purchase-money notes. Shortly after the filing as above stated, Schaefer, without the consent of Purviance, and without having paid anything therefor, or any part of said purchase-money notes, took the deed from the files of the clerk's office, and caused the same to be recorded in the recorder's office of the county, and there was no other or different delivery of said deed by Purviance to Schaefer, and which deed is the foundation of the plaintiff's claim of ownership of an undivided one-third of said lots. Schaefer's wife (appellant) was not made a party to said action. Schaefer appeared and answered, and upon a trial Purviance was awarded a personal judgment against the former for $995, and a decree impressing the lots with a lien for the amount, and an order of sale for payment thereof. No appeal was taken from the judgment and decree. At a sale by the sheriff under the decree, Purviance bought the lots in for an amount less than his judgment. There was no redemption of the prop-

erty, and at the end of one year from the sale the sheriff executed to Purviance a deed of conveyance. Whereupon Schaefer surrendered possession of the lots back to Purviance, and thereafter asserted no title thereto. Subsequently, in June, 1900, Schaefer died, leaving appellant, as his widow, surviving. Schaefer "was probably solvent" from the date of entering into the original contract with Purviance to the time of his death, but his property was all the time heavily encumbered by mortgages and judgments. In effect the conclusion of law is that the plaintiff is not the owner of any part of the property, and therefore not entitled to partition. In his cross-complaint Purviance set up his former ownership of the lots, their sale to the plaintiff's husband, the execution of the title bond, default in payment of the purchase money, foreclosure of his lien, his purchase of the lots at sheriff's sale on the decree, the nonredemption and conveyance to him by the sheriff, with prayer that his title be quieted. In her answer to the cross-complaint appellant pleaded the purchase of the lots by her husband, the payment of the $50 cash, and execution of notes negotiable under the law merchant for the residue, upon the maturity of which notes Purviance was to execute to her husband a warranty deed of conveyance for the lots, that Purviance did execute to her husband the deed on April 26, 1897, according to the contract; that Purviance brought suit on said notes and obtained a personal judgment for the sum due on the notes. The sum was declared a lien on the lots, which were sold by the sheriff, and bought in by Purviance. The plaintiff was not a party and did not appear. Her husband was all the time solvent, and departed this life in June, 1900. The questions raised by the exception to the conclusion of law are the same as those raised by the demurrers to the cross-complaint and answer, and they will all be considered together.

The controlling question in the case is whether appellant has any such right in the lots in controversy as entitles her

to partition. The only claim she makes is by virtue of being the wife and surviving widow of Rudolph Schaefer. Whatever right she possesses in the property, as flowing from the marital relation, is conferred upon her by the statute, and subsists by virtue of the seisin of her husband. She can have no better right to any part of the property than her husband had. Her suit is for partition, under a claim of ownership in fee, and a fee she can not have unless it is shown that her husband was seised of the property in fee simple during the marriage. §2652 Burns 1901. This the record does not show. It appears from the special finding that appellant's husband held possession of the lots under an executory contract calling for a conveyance in fee upon his payment of the purchase price. Under his contract he had no conveyance, and could have no right to one, until he had paid the purchase money in full. The taking of the deed from the files of the clerk's office without paying any part of the purchase-money notes, and without the consent of Purviance, who had placed it there as an element of his suit, and the lodging of it for record in the recorder's office, had no effect as a conveyance, or as a delivery of the deed; and when it was accomplished the legal situation was precisely the same as before a removal of the deed from the clerk's files. *Merritt* v. *Temple,* 155 Ind. 497, and cases cited.

As shown by the special finding, appellant's husband never had anything more than an equitable right in the lots, —the right to demand a deed of conveyance when he had paid for them. And having been sued for his default under the contract, and appeared and filed answer, and bided the judgment of the court, it must be conclusively presumed that he availed himself of all the defenses he had, and that the judgment ordering a sale of his equity for payment of appellees' judgment was right. And the sale having been made and possession surrendered to the purchaser by appellant's husband in his lifetime, it is not perceived how

appellant has any interest, either legal or equitable, in the lots in controversy, since her husband was not at any time during the marriage seised in fee simple, and was not the owner of an equitable interest therein at the time of his death. See §2652, *supra; Butler* v. *Holtzman,* 55 Ind. 125.

But it is argued that in the foreclosure proceeding appellant's husband had a good defense: (1) Because the purchase-money notes being governed by the law merchant, under the contract, at maturity, should have been counted as payment, entitling Schaefer to a conveyance; and (2) the judgment directing the sale of the lots in the first instance, without first exhausting Schaefer's personal property, or a finding of insolvency, was erroneous as to him, and void as to appellant, and that since appellant takes her rights by virtue of the marital relation, and not as heir, and not having been a party to the foreclosure, she is not bound by the judgment, and is now entitled to assert any right she or her husband might have asserted in the foreclosure suit. Whatever might be said of the second mentioned defense, it seems clear that appellant has no right to either. She had no vested interest in her husband's equity in the lots. The only basis for a claim had by her was a mere legal status that would confer upon her an equity in the event that her husband died the owner of his equity. Her husband, however, had full and complete power to sell and transfer his claims without her coöperation or consent, and thus forever put an end to it so far as he or his wife or widow was concerned. Appellant was not, therefore, a necessary party to an action brought against her husband affecting his equitable right, and, if admitted as a party, could have made no defense other than in the right of her husband. *Sarver* v. *Clarkson,* 156 Ind. 316.

The Sarver case, in its essential elements, is like this: Sarver defaulted in the payment of purchase money, and his vendor brought suit to recover the money and to foreclose his vendor's lien. Sarver's wife was not made a party.

The vendor, having become the purchaser at the foreclosure sale, brought an action for possession against Sarver; and the latter's wife, upon her own petition, was permitted to come into the case and file a cross-complaint setting up substantially the same matters pleaded in appellants' answer to appellee's cross-complaint. This court there said: "The appellant Luella Sarver can not assail the validity of the judgment rendered against her husband. He was the proper party to that suit, and the only necessary defendant. The title acquired under that judgment by the vendor can not now be defeated by proof of facts which might have been available to the husband by way of defense, but which he failed to plead, or prove." So it may likewise be said, for the same reasons, the appellant is concluded by the judgment against her husband.

In assailing the action of the court in overruling her motion for a *venire de novo,* appellant insists that the finding is ambiguous and uncertain: (1) Because there is no finding as to the ultimate fact of delivery or non-delivery of the deed by Purviance to Schaefer; (2) because there is no finding of the definite character of the action brought by Purviance against Schaefer; and (3) because there is no finding as to whether Schaefer was and continued solvent or insolvent, at the commencement of the foreclosure. With respect to the delivery of the deed the finding is that Purviance, with his complaint to foreclose, filed in the clerk's office the deed he had previously prepared and tendered to Schaefer, for the use of the latter upon his payment of the purchase-money notes, and soon after the filing, Schaefer, without the consent of Purviance, and without paying anything on the notes, took the deed from the clerk's office and lodged it for record in the recorder's office; and there was no other or further delivery of said deed to Schaefer than as above stated. These facts, whether they are probative or ultimate, lead to a single, definite, and certain conclusion, namely, that there was no delivery of the

deed.  See authorities above cited.  With respect to the second and third grounds of complaint, they relate to immaterial facts, since we have seen that appellant has no right to question the validity of the foreclosure proceedings.

We are unable to say that the verdict is not sustained by sufficient evidence.

We find no error in the record.  Judgment affirmed.