## Townsend et al. *v*. Millican.

[No. 7,801. Filed March 12, 1913.]

1. Appeal.—*Questions Presented for Review.—Sufficiency of Complaint.—Exceptions to Conclusions of Law.*—Where the facts specially found by the trial court are substantially the same as those stated in the complaint, an exception to the conclusion of law will present the same question as that raised by a demurrer challenging the sufficiency of the complaint. p. 13.

2. Deeds.—*Delivery.—Intent of Grantor.*—To constitute a delivery of a deed so as to pass title it is necessary that the grantor should intend to give effect to the instrument. p. 15.

3. Deeds.—*Delivery.—Intent of Grantor.—Question of Fact.*—The intention of a grantor, with reference to the delivery of a deed so as to pass title, may be manifested by words, acts, or conduct, and is generally a question of fact for the court or jury trying the issues of fact. p. 15.

4. Deeds.—*Delivery.—Prima Facie Delivery.—Evidence.* — While evidence that a deed was placed on record by a grantor after it had been duly signed, acknowledged and transferred for taxation, shows a *prima facie* case of delivery, such *prima facie* case may be rebutted by evidence of words, acts, or conduct, tending to show that it was not the intention of the grantor to give effect to the instrument. p. 15.

5. Deeds.—*Delivery.—Evidence.—Findings.—Conclusions of Law.*—The finding of the trial court that plaintiff did not intend to pass title by a deed which he signed and caused to be recorded, is not overcome by evidentiary facts set out in the finding that may be reconciled with the ultimate fact so found, so that its con-

clusion of law that plaintiff's title should be quieted was not erroneous. p. 16.

6. APPEAL.—*Review.*—*Ruling on Motion for New Trial.*—Where there was evidence tending to support every material fact found by the court, a motion for a new trial based on the insufficiency of the evidence to support the findings was properly overruled. p. 16.

From Hamilton Circuit Court; *Dan Waugh,* Special Judge.

Action by Madison W. Millican against Amanda L. Townsend and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*J. A. Roberts* and *Shirts & Fertig,* for appellants.

*Hanly, McAdams & Artman* and *Christian & Christian,* for appellee.

LAIRY, J.—This was an action brought by appellee to quiet title to certain real estate. The complaint was in two paragraphs, to each of which a demurrer for want of facts was filed and overruled. There was a general denial and an answer pleading the statute of limitations. A reply in denial closed the issues, and they were tried by the court without the intervention of a jury. The court made a special finding of facts and stated conclusions of law thereon. Appellants' motion for a new trial was overruled, and judgment rendered in favor of appellee.

The errors assigned and relied on for reversal are the actions of the trial court in overruling appellants' demurrers to the first and second paragraphs of complaint, in overruling appellants' motion for a new trial, and in stating its first conclusion of law.

As it is conceded by both parties to this appeal that the judgment rests on the first paragraph of complaint, we need not consider the question presented by the demurrer to the second paragraph.

The facts specially found by the court are substantially the same as those stated in the first paragraph of the complaint.

By its first conclusion of law the court found that appellee was the owner of the real estate described, and that he was entitled to a judgment quieting his title thereto. The exception of appellant to this conclusion of law raises the same question presented by the demurrer to the complaint.

The facts as disclosed by the special finding, so far as they are necessary to this opinion, are, in substance, as follows: In the year 1878 plaintiff became the owner of the land in question, went into possession thereof, and resided thereon until February, 1886, on which date he married and moved to other lands in Hamilton County. Prior to the marriage of plaintiff, his father and mother and their children, including plaintiff, resided on the land as a family, and after plaintiff moved away he rented the real estate from year to year, up to and including the time of the trial, to his brother, Thomas Millican, one of the defendants, to farm the same, retaining a share of the proceeds for himself and delivering a share to their father for support. About February 9, 1886, the plaintiff, then contemplating marriage, and not in good health, and for the purpose of providing a home for his father and mother, that they might remain on the land in question during their lifetime, signed and acknowledged a warranty deed, purporting to convey the land to his sister, Amanda L. Townsend, one of the defendants. Plaintiff had this deed recorded the same year, but at all times retained it in his possession and control, except at the time it was in the hands of the recorder, and did not at any time deliver the deed to his sister, the grantee named therein, or either of her codefendants, or to any one, and the execution and recording of the deed by plaintiff was without any intention or purpose on his part of transferring the ownership of the farm or any part of it. Prior to the execution of the deed, it was agreed between plaintiff and his sister, Amanda L. Townsend, that the deed should not pass the title to the real estate to her, and that the deed should not be delivered, but

should be held and retained by plaintiff under his exclusive control. Plaintiff at all times retained possession of the real estate as owner thereof, either in person or by his tenant, and at all times paid the taxes that accrued, except a few times when such taxes were paid by his father. Plaintiff paid the taxes for the last five years immediately preceding the trial, and in 1887, and at several times subsequent erected buildings on the property and made other valuable improvements at his own expense. He also paid an existing· mortgage indebtedness on the land amounting to nearly $2,000, and all of the improvements were made, taxes paid and money expended by plaintiff under the belief that he was the owner of the property in question, and with the knowledge of defendants and without objection from them. In February, 1890, there was due on the mortgage indebtedness a balance of $200, and in order to obtain money to pay and release such mortgage plaintiff borrowed the amount from Daniel Jones, the husband of one of the defendants, and caused defendant Amanda L. Townsend to execute her note to Jones in the sum of $200, and to secure the same executed a mortgage on the real estate to Jones. The plaintiff paid the interest on this debt and part of the principal. In 1897 defendant Amanda L. Townsend executed a deed of conveyance of the farm to Hubert D. Vestal, which deed was duly recorded, and Hubert D. Vestal the same day executed a deed conveying the same land to the defendants in this suit. These conveyances were made without any consideration and for the purpose only of transferring title to defendants, and the deeds were executed without the knowledge of plaintiff. After the execution of the deeds last mentioned, defendants paid the balance of the mortgage indebtedness, which amounted to about $175.

The court further found that defendants were claiming an interest in and to the real estate, which interest was adverse to plaintiff's rights, was without right and unfounded, and a cloud on plaintiff's title, and that plaintiff was entitled·

to have his title to said real estate quieted as against the claim of defendant.

Under the facts stated in the complaint and set out in the special findings, we are required to determine whether the legal title to the land in question was in Madison Millican at the time this action was commenced.

If it was, the judgment of the trial court should be affirmed; if not, it should be reversed. This is the pivotal question in the case.

The legal title to this real estate was in Madison Millican, unless it passed from him to his sister by the deed which he signed and acknowledged on February 9, 1886. This deed was afterwards transferred for taxation and recorded, and by its terms it purported to convey the legal title. If the conduct of appellee in having the deed transferred for taxation and recorded, when considered in connection with the other facts alleged and specially found, amounted to a delivery of the deed, the title passed, but if there was no delivery of the deed, the title did not pass.

2. To constitute a delivery of a deed so as to pass title, it is absolutely necessary that the grantor should intend to give effect to the instrument. This inten-
3. tion may be manifested by words, acts, or conduct, and is, generally, a question of fact for the court or jury trying the issues of fact. *Dearmond* v. *Dearmond* (1858), 10 Ind. 191; *Fifer* v. *Rachels* (1906), 37 Ind. App. 275, 76 N. E. 186; *Pethtel* v. *Pethtel* (1910), 45 Ind. App. 664, 90 N. E. 102.

Evidence that a deed was placed on record by a grantor after it had been duly signed, acknowledged and transferred for the purpose of taxation has been held sufficient to
4. show a *prima facie* case of delivery; but the *prima facie* case so shown may be rebutted by evidence of words, acts or conduct tending to show that it was not the intention of the grantor to give effect to the instrument. *Somers* v. *Pumphrey* (1865), 24 Ind. 231; *Colee* v. *Colee*

(1890), 122 Ind. 109, 23 N. E. 687, 17 Am. St. 345; *Firemans Fund Ins. Co.* v. *Dunn* (1899), 22 Ind. App. 332, 53 N. E. 251; *Vaughan* v. *Godman* (1884), 94 Ind. 191.

The finding of the court that appellee did not intend to pass title by the deed which he signed and caused to be recorded is not. overcome by other facts stated in the findings. The other facts on this question, as set out in the findings, are merely evidentiary facts tending to sustain or overthrow the ultimate fact that there was no delivery. The court found that the deed in question was not delivered, and the evidentiary facts set out in the special finding may be all reconciled with the ultimate fact so found. We conclude, therefore, that the court did not err in its first conclusion of law.

In discussing the question presented by counsel to sustain his contention that the facts specially found are not sufficient' to sustain the first conclusion of law stated by the court, we have disposed of the principal objections urged against the complaint. The court has considered the other objections pointed out, but is of the opinion that they cannot be sustained. The complaint is sufficient.

There is some evidence tending to support every material fact found by the court, and the motion for. a new trial was properly overruled.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 112. See, also, under (2) 13 Cyc. 561; (3) 13 Cyc. 561, 565; (4) 13 Cyc. 730; (5) 38 Cyc. 1986; (6) 29 Cyc. 837. As to what is delivery of a deed, see 53 Am. St. 537. For a discussion of the delivery of a deed for a deposit by the grantor for registration, see 7 Ann. Cas. 226.