## WILSON ET AL. *v.* JINKS.

[No. 9,239. Filed February 14, 1917.]

1. DEEDS.— *Delivery.— Validity.— Recording.*— Where there is a valid and effective delivery of a warranty deed to the grantee by the grantor the title passes regardless of whether the purchase money is paid or secured, and such deed may be recorded without the further express consent of the grantor. p. 618.

2. DEEDS.—*Delivery.—Conditions.—Validity.*—Where a grantor delivered a deed to his grantee conditioned only on its return if a loan was not secured on the land, and the condition was satisfied by the grantee, he was in rightful possession of the deed with no authority in the grantor to recall it. p. 618.

3. DEEDS.—*Delivery.—Intent of Grantor.*—The intention of the grantor to give effect to a deed is essential to a valid delivery, and if such intention is clearly shown the means by which it is established and made effective are not of controlling importance. p. 618.

4. DEEDS.—*Delivery in Escrow.—Effect.*—Where a deed or written obligation is placed in escrow with the grantee, payee or obligee thereof, the conditions imposed become inoperative and invalid and the delivery is thereby made absolute and unconditional. p. 619.

5. EJECTMENT.—*Findings.—Right of Possession.*—In an action in ejectment, a conclusion of law that plaintiff is entitled to immediate possession, cannot stand where there was no finding of fact that plaintiffs were entitled to possession of the realty in controversy when the suit was begun, and the omission is not cured by a finding that plaintiff was the owner of the real estate in fee simple, since ownership does not necessarily include the right to immediate possession. p. 619.

From Decatur Circuit Court; *Hugh Wickens*, Judge.

Action by James Jinks against Irene Wilson and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Lou Conner* and *M. E. Forkner*, for appellants.
*I. N. McCarty* and *George R. Foster*, for appellee.

FELT, C. J.—This is an action in ejectment to recover possession of seventy-eight and one-half acres of real estate in Franklin county, Indiana. The complaint is in the usual form and was answered by a general denial. The case was tried by the court, and upon request a special finding of facts was made, on which conclusions of law were stated in favor of appellee, plaintiff below, for possession of the real estate described in the complaint and for $250 damages for its unlawful detention. The judgment follows the conclusions of law. The only errors assigned challenge the correctness of the conclusions of law.

The finding of facts, in substance, states that on September 27, 1913, appellant Irene Wilson was the owner of the real estate in controversy and on that day made a parol agreement to sell the same to appellee for a consideration of $2,500, part of which was to be paid by appellee assuming or paying a mortgage on the real estate for $500; that on the date aforesaid appellants, husband and wife, duly signed and acknowledged a warranty deed conveying said real estate to appellee; that appellant Irene Wilson then delivered said deed to appellee to be taken by him and used to procure a loan to him, the proceeds of which were to be used to pay off the existing mortgage on said real estate; that appellee took the deed to Rushville, Indiana, and procured a loan through one Ben Miller, who was the agent of the Rush County Mortgage and Loan Association, and appellee left said deed with said loan agent to be duly recorded which was accordingly done; "that said deed was delivered to said plaintiff under an agreement, and if he should be unable to secure a loan from said Miller as such agent, said

deed should be returned to defendant, Irene Wilson''; that the proceeds of the loan so obtained were used by appellee to pay said mortgage indebtedness and he did pay the same in full to the Farmers' Bank of Franklin county, Indiana, the owner and holder thereof; that appellants accepted from appellee as part payment for said real estate a wagon at the agreed price of $85; that on October 14, 1913, appellee paid to said Irene Wilson $515 on the purchase price of said land and on October 15, 1913, executed to said Irene Wilson his promissory note for $900, due in one year from date, which note she received and retained in her possession until November 21, 1913, when through her attorneys she returned the note to appellee; that appellee claimed that the total purchase price of said land was $2,000 and he sent the note aforesaid as payment of the balance in full of the purchase price of the land but the same was not so accepted; that on November 21, 1913, appellant Irene Wilson began suit against appellee and the Rush County Mortgage and Loan Association and alleged in her complaint her ownership of the land and that on September 27, 1913, ''she sold and conveyed said real estate to'' appellee at and for the price of $2,500; that he had paid thereon the sum of $1,100 and she demanded payment of the balance of $1,400 which appellee had refused and she asked that the court adjudge in her favor a vendor's lien against the real estate for the sum aforesaid with accrued interest thereon; that on and prior to March 23, 1914, appellee demanded possession of said real estate from appellants, which was refused and he was excluded therefrom by appellants who retained and still retain possession thereof; that the reasonable rental value of said real estate, for the use thereof from October 1, 1913, to the time of the trial in January, 1915, was $250.

The judgment was rendered on January 15, 1915. The substance of the conclusions of law is as follows: (1) That plaintiff (appellee) is entitled to recover possession of the real estate; that the defendants (appellants) unlawfully and

without right have kept him out of the possession thereof; (2) that plaintiff is entitled to recover from defendants damages for the unlawful detention of the possession of said real estate in the sum of $250.

Appellants contend that the court erred in its conclusions of law because the finding of facts shows that the deed was never delivered to appellee so as to vest title in him and because there is no finding that appellee was the owner of the property and entitled to the possession thereof; that the agreement to pay and the agreement to convey are dependent covenants and the delivery shown by the finding is not sufficient to entitle appellee to possession of the land without full payment of the purchase money.

Where there is a valid and effective delivery of a warranty deed to the grantee by the grantor the title passes whether the purchase money is or is not paid or secured, and such deed may be recorded without further or express consent of the grantor, for such delivery places the deed entirely beyond the control of the grantor. *Ronan* v. *Meyer* (1882), 84 Ind. 390, 393.

The finding of facts shows a delivery of the deed to appellee, by appellants, conditioned only on its return if the loan was not secured on the land. The facts show conclusively that the loan was so obtained and the money applied in strict compliance with the agreement of the parties, so that the only condition imposed by the grantors was satisfied in every particular, as contemplated by appellants, and the deed was therefore in the rightful possession of appellee with no right or authority in appellants, or either of them, to claim or recall it. The intention of the grantor to give effect to the deed is essential to a valid delivery, and where such intention is clearly shown, the means by which it is established and made effective are not of controlling importance. In the case at bar the facts found show an actual delivery which became effective in strict accordance with the expressed intention

of the grantors. *Townsend* v. *Millican* (1912), 53 Ind. App. 11, 15, 101 N. E. 112; *Merritt* v. *Temple* (1900), 155 Ind. 497, 500, 58 N. E. 699; *Schaefer* v. *Purviance* (1902), 160 Ind. 63, 69, 66 N. E. 154; *Franklin Ins. Co.* v. *Feist* (1903), 31 Ind. App. 390, 395, 396, 68 N. E. 188; *Vaughan* v. *Godman* (1884), 94 Ind. 191, and cases cited.

While not essential to the sufficiency of the finding of delivery in the case at bar, the ultimate conclusion reached is sustained by another line of decisions which hold

4. that where a deed or written obligation is placed in escrow with the grantee, payee or obligee thereof, the conditions imposed become inoperative and invalid and the delivery is thereby made absolute and unconditional. *Deardorff* v. *Foresman* (1865), 24 Ind. 481, 484; *Madison, etc., Co.* v. *Stevens* (1857), 10 Ind. 1; *State, ex rel.* v. *Chrisman* (1850), 2 Ind. 127, 131; *Foley* v. *Cowgill* (1838), 5 Blackf. 18, 20, 32 Am. Dec. 49. Furthermore the primary facts found admit of but a single inference on the subject of the delivery of the deed which is that the deed was delivered to appellee, and passed beyond the control of appellants and became effective in strict accordance with the expressed intention of the grantors at the time of the delivery.

The finding of facts therefore sufficiently shows the ultimate fact of delivery to warrant the court in considering it, though such fact may be imperfectly stated. *Harris* v. *Riggs* (1916), *ante* 201, 112 N. E. 36, 38, and cases cited; *Shedd* v. *American Maize, etc., Co.* (1915), 60 Ind. App. 146, 163, 108 N E. 610, and cases cited; *Knight* v. *Kerfoot* (1915), 184 Ind. 31, 110 N. E. 206, 209; *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 665, 666, 80 N. E. 629, 14 L. R. A. (N. S.) 483.

Appellants further contend that there is no express finding that appellee is the owner of the real estate and was entitled to the possession thereof when this suit was

5. begun. Section 1100 Burns 1914, §1054 R. S. 1881, provides that: "The plaintiff in his complaint shall

state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession.''

Our discussion of the execution and delivery of the deed is conclusive upon the proposition that the findings show appellee to be the owner in fee simple of the real estate, but there is no express finding of the fact that he was entitled to the possession thereof when this suit was begun. This is a possessory action, and to entitle the plaintiff to judgment the court properly stated as a conclusion of law that he was entitled to recover the possession of the real estate.

Appellee contends that this is all that is necessary and that the facts found fully warranted the trial court in drawing such conclusion of law; that no other inference can be drawn from the facts found, other than that appellee was and is entitled to the possession of the real estate; that the essential conclusion of law is identical with the fact of appellee's right to possession and that its statement as a conclusion of law is supported by the decisions, and among them are the following: *Crawfordsville Trust Co.* v. *Ramsey* (1913), 55 Ind. App. 40, 73, 74, 100 N. E. 1049, 102 N. E. 282; *DePauw Plate Glass Co.* v. *City* (1898), 152 Ind. 443, 453, 52 N. E. 608; *Indiana Trust Co.* v. *Byram* (1905), 36 Ind. App. 6, 10, 72 N. E. 670, 73 N. E. 1094.

The contention has merit and has been applied in cases bearing some analogy to the one under consideration. Furthermore, it is quite apparent that the principal controversy at the trial was over the delivery of the deed, which question we have decided adversely to appellant's contention. But the decisions do not recognize the delivery of an unconditional warranty deed or the ownership of the fee-simple title, in suits of this kind, as necessarily entitling the holder of such deed or title to the immediate possession of the real estate, and under the statute, *supra,* have held the statement of the fact of the right of possession to be essen-

tial to the sufficiency of a complaint, or of a finding of facts warranting the conclusion of law that the plaintiff is entitled to recover the possession of the real estate in controversy. The decisions seem so conclusive upon the point as to give this court no choice other than that of following them. *Pittsburg, etc., R. Co.* v. *O'Brien* (1895), 142 Ind. 218, 222, 21 N. E. 528; *Miller* v. *Shriner* (1882), 87 Ind. 141, 143; *Levi* v. *Engle* (1883), 91 Ind. 330, 331; *Simmons* v. *Lindley* (1886), 108 Ind. 297, 299, 9 N. E. 360; *Vance* v. *Schroyer* (1881), 77 Ind. 501, 503; *Jose* v. *Hunter* (1915), 60 Ind. App. 569, 103 N. E. 392, 398.

For the want of a finding of the fact that appellee was entitled to the possession of the real estate when this suit was begun, we are compelled by the foregoing authorities to hold the conclusions of law unwarranted and therefore erroneous; but the facts of the case are such as to convince the court that the ends of justice will be subserved by ordering a new trial rather than by directing a restatement of the conclusions of law. *McCord* v. *Bright* (1909), 44 Ind. App. 275, 291, 87 N. E. 654.

The judgment is therefore reversed and a new trial ordered.

NOTE.—Reported in 115 N. E. 67. Deeds: delivery to grantee, subject to future extrinsic condition, 16 L. R. A. (N. S.) 941; what constitutes delivery, 53 Am. St. 537. See under (1, 2) 13 Cyc 564; (5) 15 Cyc 169.